## HINES v. THOMAS JEFFERSON FIRE INS. CO.

Court of Appeals of Kentucky.

May 8, 1953.

Opinion as Extended Withdrawn and Original Opinion Readopted April 30, 1954.

Joseph J. Kaplan and Edwin I. Baer, Louisville, for appellant.

William Mellor, Louisville, for appellee.

MILLIKEN, Justice.

Appellant, Richard D. Hines, instituted this action against the appellee, Thomas Jefferson Fire Insurance Company, for $1,292.24, alleging that the parties had entered into a settlement concerning a fire loss which he had sustained. The insurance company denied the execution of any such agreement. At the first trial the court submitted the question of whether the insurance company "agreed to settle" the claim with Hines to the jury, and they found that it had and awarded Hines the

sum prayed for in his petition. Subsequently the court sustained the insurance company's motion for a new trial, and at the second trial directed a verdict for it.

The evidence discloses that after Hines informed the insurance company of his fire loss, the company denied liability on the ground that the policy was not in force at the time of the fire because of the payment of insufficient premiums. Hines had paid the company $5 on November 3, 1949, and the fire had occurred on November 28, 1949, but the company, under the terms of its policy, had applied $3.90 to a thirty-day grace period that Hines owed for in the summer of 1949, leaving $1.10 for coverage from November 3, 1949. The parties presented the matter before an assistant state insurance commissioner at Frankfort, and he was of the opinion that the policy was not equitable in this provision and the insurance company thereupon agreed not to stand on the defense of the payment of insufficient premiums. Subsequently the insurance company changed the wording of its policies in this regard.

Hines contends that the commissioner was acting as an intermediary on his behalf and that when Mr. Milner, representative of the insurance company, told the commissioner that he agreed "to settle the loss," a valid compromise settlement agreement was thereby reached. The commissioner testified that he and Milner did not discuss any amount and that it was his impression that that authority must come from the insurance company's home office in Atlanta, Georgia.

The commissioner wrote Hines' attorney that Mr. Milner was attempting to bring the case to a conclusion. He also mentioned that a mutual fire insurance company which had issued a $1,750 policy on Hines' house was also attempting to make a settlement. Milner contacted the insurance adjuster for the mutual company, but there is no evidence that he ever gave him authority to settle on behalf of his company. The mutual company and Hines reached an agreement and set the amount of the fire loss at $2,800. The mutual company then paid Hines 1750/3250 of $2,800. The adjuster informed Milner of the settlement by the mutual company, and incidentally mentioned that there was a vendor's lien on Hines' property. Hines' policy with the appellee company had provided that there was no mortgage on the property. Milner reported to the commissioner that there was an encumbrance on the property, and later pleaded this in his answer for the company. The commissioner informed him to do as he saw fit regarding the settlement. Milner contacted Hines' attorney, but they were unable to reach an agreement.

Counsel for Hines contend that their suit is not one to recover money under a compromise, but is essentially a suit predicated on a breach of contract. It is their contention that they do not have to establish the financial terms of a compromise settlement, but merely that there was a good faith dispute between the parties and that the insurance company promised to settle it. The question in dispute was whether the insurance policy was in full force and effect at the time of the fire, and Hines refrained from filing suit on the company's alleged promise to settle. We cannot conclude as a matter of fact that Hines agreed to forbear suit. As stated in the opinion of the trial judge: "In the within case there was no evidence introduced to show that the plaintiff, Hines, made any concession at the time the defendant made the agreement to settle. According to the proof, the defendant agreed to settle, which would mean that the defendant was to pay the full amount if the plaintiff was entitled to recover from the defendant." While the actual forbearance to sue on the policy may have been caused by the company's expression to the insurance commissioner of an intention to settle the claim, we do not believe the chain of circumstances clearly shows that it was the intent of the company at the time for the insured to rely on that and thus to effect a contract. It was an expression of intention, not an offer.

■■ In the light of the evidence, we believe that the trial court properly di-

rected a verdict for the·insurance company. Milner's agreement "to settle" was nothing· more than an expression of intention to ad-.just the claim at a future time, and as· such it did not constitute a compromise. For there to be a valid ·compromise, like in any other contract, there must be an ·offer and acceptance, and the terms must be certain, full and complete.· There must also be mutual concessions or yielding of opposing claims. 15 C.J.S., Compromise and Settle-·ment, §§ 2, 4 and 7.

The parties have treated this action as one on an alleged compromise settlement agreement or contract to settle. They both apparently agree that it is not an action on the insurance policy. Therefore, this opinion does not preclude ·Hines from insti-tuting an action on the policy.

The judgment is affirmed.