JAMES DOWNEN *et al.*, Plaintiffs-Appellants, v. COUNTRY MUTUAL IN-
SURANCE COMPANY, Defendant-Appellee.

Fifth District    No. 5—87—0814

Opinion filed April 21, 1989.

Brugge & Becker, of Breese (William J. Becker and Thomas Heiligenstein, of counsel), for appellants.

Stephen W. Thomson and Charles C. Compton, both of Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, P.C., of Edwardsville, for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

David Barrett, a passenger in a car driven by Tommy Maxwell, was injured in an automobile wreck. Barrett's injuries were more than Maxwell's insurance could cover.

David Barrett, in a case that preceded this case, filed suit against Country Mutual Insurance Company, attempting to "stack" the underinsured motorist coverage under the Country Mutual insurance policies owned by James and Louise Downen, his stepfather and mother. (*Barrett v. Country Mutual Insurance Co.* (1988), 165 Ill. App. 3d 1167 (unpublished Rule 23 order).) The main issue in *Barrett* was whether the insurance policy was ambiguous with respect to a "no stacking" clause which limited coverage. We held that David Barrett could not "stack" the underinsured motorist coverage and specifically found that the amount of underinsured coverage available to Barrett under defendant's policies was $100,000.

James and Louise Downen then brought this suit against Country Mutual asking the circuit court to declare $250,000 as the amount of available coverage under the same policies previously construed in *Barrett*, and for the same injuries received in the Maxwell wreck. They base their case on the following allegations: (1) defendant failed to offer underinsured motorist coverage to plaintiffs as required by the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 613 *et seq.*); (2) defendant failed to advise them that underinsured motorist coverage was available in the same amounts as bodily injury liability coverage; and (3) defendant failed to specify the amount of the premiums and the nature and extent of the underinsured coverage available.

The circuit court of Bond County granted defendant's motion to dismiss, holding that James and Louise Downen, as individuals, lacked standing to bring this suit. The circuit court also held that plaintiffs'

action was barred by the *res judicata* effect of the earlier *Barrett* decision.

After their case was dismissed, plaintiffs orally moved to amend their complaint to add a count for damages for Barrett's personal injuries he got in a second wreck which ultimately killed him. The court denied plaintiffs' motion.

Plaintiffs appeal the dismissal and the denial of the motion to amend.

Plaintiffs, the Downens, argue that they are the ones who purchased the insurance contract that covered Barrett, and therefore, they have standing. However, the complaint has no allegation that James and Louise Downen were injured in any way by, or in consequence of, the Maxwell wreck.

■■ As we stated in *Weihl v. Dixon* (1977), 56 Ill. App. 3d 251, 253-54, 371 N.E.2d 881, 883:

> "Standing is an aspect of justiciability in which the primary focus is upon the personal stake in the outcome of the controversy of the person seeking the adjudication of a particular issue. (*Flast v. Cohen.*) The person seeking to invoke the jurisdiction of the court must have some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. (59 Am. Jur. 2d Parties §26 (1971).) A sufficient interest in the actual controversy is equally a prerequisite for a person to maintain an action for a declaratory judgment (Ill. Rev. Stat. 1975, ch. 110, par. 57.1), and where such an interest is lacking, the plaintiff does not have standing to bring the action (*Clark Oil & Refining Corp. v. City of Evanston*, 23 Ill. 2d 48, 177 N.E.2d 191)."

■ Here, plaintiffs have not alleged personal injury to them, or injury to any substantive or legally protected interest of their own. They do not allege facts that would give them standing.

As a result, we affirm.

The trial court also correctly held that this action was barred by the doctrine of *res judicata.*

The present declaratory judgment action asked a circuit court to declare the policy limits for the same underinsured motorist coverage under the same policies covering the same insured for the same injuries sustained in the same wreck that was the subject matter of the first declaratory judgment action. What plaintiffs have done here is assert a different theory of relief arising out of the common core of the same single group of operative facts. This second theory is part of the same cause of action as the first for purposes of the doctrine of *res judicata.*

■ As summarized in *Prochotsky v. Union Central Life Insurance Co.* (1971), 2 Ill. App. 3d 354, 356-57, 276 N.E.2d 388, 390,the doctrine of *res judicata* prohibits the filing of a second action that arises out of the same controversy as the first:

"The law requires that both in law and in equity a plaintiff must present all grounds of recovery he may have. He cannot preserve the right to bring a second action after loss of the first merely by limiting the theories of recovery opened by the pleadings in the first action. [Citations.] In *Phelps* [*Phelps v. City of Chicago* (1928), 331 Ill. 80, 85, 162 N.E. 119, 122], the court said *** '[t]he rule of *res judicata* embraces not only what actually was determined in the former case between the same parties or their privies, but it extends to any other matters properly involved which might have been raised and determined.' "

The law affords to all a day in court, but it requires that all grounds of recovery or theories of defense be presented on that day. *Pratt v. Baker* (1967), 79 Ill. App. 2d 479, 223 N.E.2d 865.

■ In *Barrett*, the predecessor of this case, plaintiff failed to raise the additional ground for recovery that is the basis of this suit. Because it was not presented there, *res judicata* bars its presentation here. Accordingly, the trial court properly ruled that the second action was barred by *res judicata* and properly dismissed the amended complaint.

Finally, plaintiffs argue that the trial court erred in denying their oral motion for leave to amend their complaint.

Plaintiffs did not move to amend until after the case had been dismissed; only then did plaintiffs want to amend to add a count arising out of the second wreck which killed David Barrett. The motion was properly denied.

■ Amendments after judgment only may be made to conform pleadings to proof. (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(c).) Here, the order dismissing plaintiffs' complaint had been entered before plaintiffs moved to amend. The oral motion to amend was not made to conform the pleadings to proof; no evidence had been taken. The oral motion sought to join a second case with one that no longer was in existence in the circuit court; it had been dismissed. The dismissal was a final judgment. *Basden v. Finck* (1982), 106 Ill. App. 3d 108, 435 N.E.2d 783.

The circuit court is affirmed.

Affirmed.

WELCH, P.J., and LEWIS, J., concur.