JOSEPH J. KOSTUR *et al.*, Plaintiffs-Appellants, v. INDIANA INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—88—2199

Opinion filed December 22, 1989.

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford, Keith A. Hebeisen, and Robert P. Sheridan, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, David H. Levitt, and Bruce L. Carmen, of counsel), for appellees.

JUSTICE COCCIA delivered the opinion of the court:

Plaintiffs Joseph and Catherine Kostur appeal from an order entered by the circuit court, dismissing counts I and II of their amended class action complaint. In count I, plaintiffs alleged that defendants Indiana Insurance Company and Consolidated Insurance Company violated provisions of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 613 *et seq.*), which required them to offer underinsured motor-

ist coverage to their insureds. Plaintiffs alleged in count II that the same conduct on defendants' part constituted a violation of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*). We affirm for the reasons set forth below.

Plaintiffs' original class action complaint was filed on September 9, 1985. Defendants moved to dismiss on the grounds that, among other things, copies of the insurance policies upon which plaintiffs' claim was founded were not attached to their pleading, contrary to section 2—606 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—606.) An agreed order was entered on February 18, 1986, giving plaintiffs leave to file an amended complaint.

Plaintiffs' amended class action complaint, to which they appended the insurance policies in question, was filed on March 27, 1986. Plaintiffs sought declaratory, injunctive, and compensatory relief from defendants. In count I, plaintiffs alleged that Joseph was a policyholder of defendants. Catherine was injured in an automobile accident on September 14, 1984, when the car she was driving was struck by another vehicle. The driver of the other automobile carried liability insurance with limits of $100,000/$300,000, but Catherine's damages were in excess of that sum. Had Joseph's policy included underinsured motorist coverage as required by the Insurance Code, plaintiffs averred, a greater portion of Catherine's damages would have been recoverable.

Plaintiffs brought the action on their own behalf and on behalf of all persons insured under policies issued or renewed by defendants whose policies did not provide the amount of underinsured motorist coverage required by law. Plaintiffs alleged that this class was too numerous to practically join all members, that questions of law and fact predominated over questions affecting only individual members of the class, that they would fairly and adequately protect class interests, and that a class action was the most appropriate method for adjudicating the controversy.

In addition, plaintiffs asserted that the policies issued by defendants did not automatically include underinsured motorist coverage. Defendants did not require their insureds to elect or reject such coverage, they did not offer it each time the policies were renewed, and they failed to advise their insureds of the coverage's cost. This conduct by defendants, plaintiffs concluded, violated the Insurance Code and injured plaintiffs and the plaintiff class.

In count II, as noted above, plaintiffs claimed that defendants' conduct also violated the Consumer Fraud Act. In count III, plaintiffs

charged defendants with breaching their fiduciary obligations.

On February 26, 1988, defendants moved to dismiss plaintiffs' amended class action complaint, pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) Defendants argued that plaintiffs had no standing to sue, much less to be proper class representatives. According to defendants, Joseph had no standing because he had not been injured in the accident; Catherine had no standing because she was not insured under the insurance policies. Regarding count II, defendants contended that it failed to state a cause of action under the Consumer Fraud Act, since there were no allegations of deception or misrepresentation, no allegations that a false statement was made with intent that others rely on the misrepresentation, and no allegations that plaintiffs so relied. Concerning count III, defendants urged that there was no fiduciary relationship between an insurer and its insureds. See *Robacki v. Allstate Insurance Co.* (1984), 127 Ill. App. 3d 294, 468 N.E.2d 1251.

In any event, defendants concluded that they were entitled to judgment as a matter of law because they complied with the Insurance Code's provisions regarding the offering of underinsured motorist coverage. They asserted that Joseph had actual knowledge of the availability and cost of such coverage. His insurance policy, in effect at the time of Catherine's accident, included underinsured motorist coverage in the amount of $100,000/$300,000. As Joseph actually purchased such coverage, he had sufficient information to permit him to make an intelligent decision about it. Exhibits to plaintiffs' amended complaint contained a "stuffer" that defendants had sent to Joseph, informing him about the coverage at issue. In fact, defendants contended, before the accident Joseph had increased his underinsured coverage from $15,000/$30,000 to $100,000/$300,000, as shown by the declarations page of his policy.

Plaintiffs' response to defendants' motion to dismiss was filed on June 17, 1988. Plaintiffs stated that the majority of defendants' objections were curable by amendment, and they offered to make such amendments as the circuit court would require. Thus, plaintiffs replied, defendants were not entitled to dismissal with prejudice. Alternatively, plaintiffs maintained that both Joseph and Catherine had standing, that defendants' offer of underinsured motorist coverage was inadequate as a matter of law, and that counts II and III stated causes of action.

At a hearing held on June 21, 1988, the circuit court dismissed plaintiffs' amended class action complaint, with prejudice. Plaintiffs have taken an appeal from the dismissal order. They concede that

count III was properly dismissed, so it is not before us.

I

At the outset, we observe that the order entered by the circuit court, dismissing plaintiffs' amended class action complaint with prejudice, did not state the reasons for dismissal. Regardless of those reasons, however, we may sustain the order upon any basis found in the record. See *Goldberg v. Goldberg* (1982), 103 Ill. App. 3d 584, 587, 431 N.E.2d 1060, 1062.

In *Downen v. Country Mutual Insurance Co.* (1989), 181 Ill. App. 3d 716, 537 N.E.2d 445, plaintiffs were the mother and stepfather of a passenger injured in an automobile wreck, whose injuries were alleged to be more than the driver's insurance would cover. They brought suit against their insurer, asking the circuit court to declare $250,000 as the amount of coverage available under their policy of insurance. Like plaintiffs in our case, plaintiffs in *Downen* alleged that the insurer violated the underinsured motorist provisions of the Insurance Code. The circuit court granted the defendant insurer's motion to dismiss, ruling that plaintiffs as individuals lacked standing to sue. On appeal, plaintiffs argued that the circuit court erred in ruling that they lacked standing. According to plaintiffs, standing was conferred by the fact that they purchased the insurance which covered their son. But the appellate court affirmed. The court noted that plaintiffs' complaint included no allegations that they were injured in any way by, or in consequence of, the wreck. The court quoted *Weihl v. Dixon* (1977), 56 Ill. App. 3d 251, 253-54, 371 N.E.2d 881, 883:

> " 'Standing is an aspect of justiciability in which the primary focus is upon the personal stake in the outcome of the controversy of the person seeking the adjudication of a particular issue. [Citation.] The person seeking to invoke the jurisdiction of the court must have some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. [Citation.] A sufficient interest in the actual controversy is equally a prerequisite for a person to maintain an action for a declaratory judgment [citation], and where such an interest is lacking, the plaintiff does not have standing to bring the action [citation].' " (*Downen*, 181 Ill. App. 3d at 718, 537 N.E.2d at 446.)

The *Downen* court reasoned that plaintiffs failed to allege either personal injury to themselves, or injury to any substantive or legally protected interest of their own. They did not allege facts that would give them standing, the court concluded. *Downen*, 181 Ill. App. 3d at 718,

537 N.E.2d at 446; see also *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 397 N.E.2d 200 (for plaintiffs to have standing, the cause of action must consist of their primary right, the defendants' duty, and a wrong by the defendants which invades the right and breaches the duty).

■■ ■ In count I of their amended class action complaint, plaintiffs allege in conclusory fashion that they "have been and continue to be injured." It is settled, however, that a motion to dismiss does not admit conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. (See *Goldberg*, 103 Ill. App. 3d at 587, 431 N.E.2d at 1063.) An actionable wrong cannot be made out in a complaint through the mere characterization of acts as having been wrongfully done. (*Adkins v. Sarah Bush Lincoln Health Center* (1989), 129 Ill. 2d 497, 520, 544 N.E.2d 733, 744.) Plaintiffs in this case have not alleged specific facts detailing how Joseph was injured or wronged by defendants' conduct. They merely allege that he was a policyholder of defendants, but that fact is not enough to confer standing upon him, in and of itself. Plaintiffs allege that Catherine was injured in an accident with an underinsured driver. We learned at oral argument that she is Joseph's daughter, although that fact was not pleaded by plaintiffs and does not appear in the record. Yet it is unclear how, without more specific allegations, an injury to Catherine can be considered as an invasion of Joseph's rights, under his policy, by defendants. In short, nothing in plaintiffs' amended complaint suggests that defendants wronged Joseph by invading one of his rights. Therefore, on the facts alleged, Joseph has no standing.

■ The same reasoning applies to Catherine with equal force. Plaintiffs allege in count I that she "was seriously injured on September 14, 1984, when she was driven into by an automobile while lawfully operating her vehicle on Illinois highways." In their brief, plaintiffs contend that according to the declarations page of an insurance policy attached to the amended complaint, Catherine was identified as an insured driver, albeit by birthdate rather than by name. Like the fact that Catherine is Joseph's daughter, the date of her birth is *dehors* the record. In any event, defendants respond, Catherine was not covered by Joseph's insurance. Elsewhere in the insurance policy, a covered person is defined to be a family member residing in the insured's household, or someone driving the covered automobile. But plaintiffs do not allege in their amended complaint—even in conclusory fashion—that Catherine was covered under Joseph's insurance, where she resided at the time of the accident, or who owned the vehi-

cle she was driving at that time. Her birthdate reveals only that she was 20 years old and single at the time of the wreck. Catherine could only have been wronged by defendants, under the few facts plaintiffs did allege, if she was covered under Joseph's policy. Since plaintiffs neglected to allege sufficient facts showing that she was covered, it cannot be said that defendants wronged her by invading any of her rights. Thus, under the facts pleaded by plaintiffs, Catherine also lacks standing to sue defendants.

■ Plaintiffs do not have a cause of action against defendants, for want of standing; consequently, their class action fails. (See *Kittay*, 78 Ill. App. 3d at 339, 397 N.E.2d at 203.) Were we to assume for argument's sake that plaintiffs had standing, however, it is clear that they could not maintain a class action. In *Blake v. State Farm Mutual Automobile Insurance Co.* (1988), 168 Ill. App. 3d 918, 523 N.E.2d 85, plaintiff was involved in a collision with an underinsured motorist. Plaintiff brought suit against his insurer, individually and on behalf of all new policyholders, alleging violations of the underinsured motorist provisions of the Insurance Code. Plaintiff claimed that he had no underinsured motorist coverage because defendant failed to adequately offer such coverage, contrary to section 143a—2 of the Insurance Code. (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2.) Upon defendant's motion, the circuit court dismissed plaintiff's class action claim. On his appeal, the appellate court held that the circuit court correctly dismissed plaintiff's class action allegations. To establish a plaintiff class, the court stated, the defendant's action must cause some injury to all class members, absent some intervening factor. (*Blake*, 168 Ill. App. 3d at 921, 523 N.E.2d at 87.) The court observed that the case before it arose from an auto accident between plaintiff and an unnamed third party. Regardless of common issues that arose from defendant's conduct concerning the offering of underinsured motorist coverage, the court reasoned, plaintiff's accident was such an intervening factor. The accident caused only plaintiff's injury and rendered possible harm to other class members speculative, since his accident caused them no harm. The commonality necessary for the maintenance of a class action was therefore destroyed. The court decided, accordingly, that plaintiff could not maintain a class action. See *Blake*, 168 Ill. App. 3d at 921-22, 523 N.E.2d at 87-88.

Like the claim of plaintiff in *Blake*, the claim of plaintiffs in our case arises from an accident with an unnamed, underinsured third party. That accident, in the language of *Blake*, is an intervening factor because only plaintiffs, and not the other potential class members, were injured by it. As in *Blake*, the commonality required for a class

action claim has been destroyed by an intervening factor: here, Catherine's accident. Thus, since possible harm to other class members is speculative, plaintiffs in this case could not maintain a class action, even if they had standing to sue defendants.

■ Plaintiffs argue that dismissal with prejudice was inappropriate, since any defects in their amended class action complaint were curable by further amendment. They advanced the same argument in their response to defendants' motion to dismiss in the circuit court, as noted above. Plaintiffs never moved to amend their amended complaint, however, and the record before us does not include a proposed amendment. This court has previously stated that a party desiring to file an amended pleading should include it in the record. If this is not done, the reviewing court is not in a position to say that justice would be served by giving leave to amend. In such circumstances, the court presumes that another attempt at pleading would be fruitless. (See *Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 436, 318 N.E.2d 162, 164.) We conclude then, that no purpose would be served by giving plaintiffs another opportunity to replead.

■ Moreover, plaintiffs contend that the hearing below was based only upon the adequacy of defendants' offer of underinsured motorist coverage in light of the Insurance Code's requirements, and that defendants conceded before the circuit court that the amended complaint was curable by further amendment. (Defendants reply that they merely conceded that the amended complaint might be curable.) But we may affirm upon any basis present in the record, as stated above. Additionally, plaintiffs have not provided a transcript of the hearing at which their amended complaint was dismissed. We recently stated that the burden is on appellants to submit records fully and fairly presenting all matters necessary and material for decisions on the questions raised. This court will not reverse on the basis of speculation and conjecture, and any doubt arising from incomplete records shall be resolved against appellants. In other words, when parties seek to have judgments reviewed, it is incumbent on them to present records of proceedings sufficient to show the errors of which they complain. (See *In re Estate of Jacobs* (1989), 189 Ill. App. 3d 625, 629.) As plaintiffs have not favored us with a transcript, we shall not entertain argument by them on points which that transcript might have illuminated.

## II

■ Count II of plaintiffs' amended class action complaint was brought under section 2 of the Consumer Fraud Act, which provides:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act', approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." (Ill. Rev. Stat. 1985, ch. 121½, par. 262.)

This court has held that in order to establish a violation of the Consumer Fraud Act, a plaintiff must show a misrepresentation, concealment, or omission of a material fact by defendant, with intent that others rely on such conduct. (See *Kleidon v. Rizza Chevrolet, Inc.* (1988), 173 Ill. App. 3d 116, 120, 527 N.E.2d 374, 376.) It has also been held that violations of the Consumer Fraud Act must be pleaded with the same specificity that has always been required of common law fraud actions. *Spengler v. V&R Marathon, Inc.* (1987), 162 Ill. App. 3d 715, 717-18, 516 N.E.2d 787, 789.

■ In count II, plaintiffs do not allege that defendants misrepresented, concealed, or omitted material facts with intent that they rely on such conduct. Plaintiffs reincorporate the allegations of count I, but those allegations only charge defendants with not offering underinsured motorist coverage as contemplated by the Insurance Code. Plaintiffs also quote the language of section 2 in count II of their amended complaint, yet such pleading cannot satisfy the specificity requirements. In sum, plaintiffs have failed to plead, even in conclusory fashion, the elements of a Consumer Fraud Act violation, notwithstanding the fact that defendants, as early as their motion to dismiss plaintiffs' original complaint, pointed out that they did not plead the elements of a consumer fraud claim. Consequently, count II of plaintiffs' amended complaint fails to state a cause of action. And, the fact that plaintiffs neglected to include a proposed amended count II leads us to conclude, as we did in section I of this opinion, that another attempt at repleading by them would be fruitless.

Plaintiffs have invoked *Petersen v. Allstate Insurance Co.* (1988), 171 Ill. App. 3d 909, 525 N.E.2d 1094, to buttress their argument that count II states a cause of action. However, the circuit court in *Petersen* dismissed plaintiffs' consumer fraud claim on the grounds that the Consumer Fraud Act did not apply to the sale of insurance.

The appellate court, which reserved the circuit court, was therefore faced with the question of whether the Consumer Fraud Act applied to the sale of insurance; in contrast, we are faced with the question of whether plaintiffs' complaint states a cause of action under the Act. While *Petersen* may stand for the proposition that the Consumer Fraud Act applies to the sale of insurance, it has no application in a case such as ours, where the question presented is whether a consumer fraud claim has been pleaded with the requisite specificity.

For the reasons stated, the circuit court's order dismissing plaintiffs' amended class action complaint with prejudice is affirmed.

Affirmed.

MURRAY, P.J., and PINCHAM,* J., concur.

---

*Justice Pincham participated in the decision prior to his resignation.