GRACE S. BAILEY, Indiv. and as Ex'x of the Estate of Weldon J. Bailey, Deceased, Plaintiff-Appellee, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.

Fourth District   No. 4—90—0036

Opinion filed February 21, 1991.—Rehearing denied March 21, 1991.

Stephen W. Thomson and Curtis L. Blood, both of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, P.C., of Edwardsville, for appellant.

Evan A. Strawn, of Bloomington, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Grace Bailey, individually and as executrix of the estate of her deceased husband, Weldon Bailey, brought this action for declaratory judgment regarding the amount of insurance coverage avail-

able under the terms of an excess insurance policy issued by defendant insurance company. Defendant filed a motion to dismiss this cause as barred by a prior judgment (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(4)) or, alternatively, for judgment on the pleadings (Ill. Rev. Stat. 1987, ch. 110, par. 2—615(e)). The trial court denied the motion. Defendant filed this permissive interlocutory appeal (107 Ill. 2d R. 308). The question of law presented is whether the present action is barred on the grounds of *res judicata*. We hold it is not and affirm.

On April 21, 1980, plaintiff's husband was killed when struck by an uninsured motorist. At the time of the accident, the Baileys had automobile insurance coverage for all four of their cars from defendant, State Farm Fire and Casualty Company (State Farm). The terms of the base or underlying policy, which was renewable on a regular six-month basis, provided a liability coverage limit for bodily injury and death of $100,000 per person or $300,000 per occurrence ($100,000/$300,000) and uninsured motorist (UM) coverage of $10,000/$20,000, until it was renewed on March 21, 1980—one month prior to the accident—at which time the UM coverage was increased to equal the bodily injury limits. The renewed base policy then met the requirements of an amendment to section 143a of the Illinois Insurance Code (Code) (Ill. Rev. Stat., 1980 Supp., ch. 73, par. 755a). The amendment, effective March 1, 1980, and applicable to all policies issued or renewed after that date, stated no auto insurance policy for liability for bodily injury or death shall be issued unless the insured is provided UM coverage equal to the bodily injury and death coverage, subject to rejection by the insured. Ill. Rev. Stat., 1980 Supp., ch. 73, par. 755a(1).

Prior to renewal of the base policy dated March 21, 1980, on September 21, 1979, the Baileys had purchased, from defendant, an excess automobile insurance policy, "Success Protector Policy No. 73—08—7416," renewable on a yearly basis.

The terms of this excess policy, secured in excess of the underlying policy, provided for personal liability coverage of $1 million, and UM coverage of $35,000 "less the retained limit—Coverage U as defined." The policy stated the following as to "Coverage U":

> **2. COVERAGE U: UNINSURED MOTORISTS**
> This Company will pay all sums up to $35,000, less the amount of the **Retained Limit—Coverage U**, which the **Insured** or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile or an **underinsured automobile**, provided:
> (a) this Company's liability hereunder shall be only in excess

of the **Retained Limit—Coverage U,** and

(b) coverage hereunder for loss involving such uninsured or **underinsured automobile** shall apply only in accordance with the terms and conditions of underlying Uninsured Motorists insurance afforded to the **Insured** at the time of loss, or in the absence thereof, Uninsured Motorists insurance afforded to the **Insured** as of the effective date of this policy."

"Retained Limit—Coverage U" was defined as:

"The greater of:

(1) the total amount of insurance payable to the **Insured** under other Uninsured Motorist, Underinsured Motorist or automobile liability insurance; or

(2) the minimum amount specified by the financial responsibility law of the state in which the accident shall occur."

The procedural history of the litigation between the parties is as follows. In 1980, plaintiff sued defendant for declaratory judgment in Madison County case No. 80—MR—382, alleging (1) the umbrella policy issued by defendant was a motor vehicle policy under section 143a of the Code (Ill. Rev. Stat. 1981, ch. 73, par. 755a), and (2) defendant had failed to offer the amount of UM coverage required by that section by not raising the UM coverage in the excess coverage policy from $35,000 to the $1 million bodily injury and death coverage. After amending several times, the amended complaint was dismissed with leave to amend, and thereafter plaintiff filed a motion to voluntarily dismiss her complaint without prejudice, which was allowed, while defendant's motion for dismissal with prejudice was denied. The insurer appealed, and the trial court's decision was upheld by the Fifth District Appellate Court in *Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522 (*Bailey I*), *appeal denied* (1986), 111 Ill. 2d 566.

In 1986, plaintiff filed a first-amended seven-count complaint against defendant insurer in Peoria County case No. 84—L—2185. That complaint, as shown in the record on appeal, alleged defendant owed plaintiff a duty to offer UM coverage equal to the limit for bodily injury and death stipulated on the excess policy. It was based on the same accident and injury as is the instant complaint. Count I alleged (1) defendant knew, given the relationship of the underlying policy renewed (and upgraded in UM coverage) March 21, 1980, and the excess policy, that UM coverage of the excess policy was rendered illusory; but defendant (2) took the insureds' premium and failed to inform them of the option to upgrade such coverage in the excess policy, constituting unjust enrichment. Count II contained many of the al-

legations of count I. This count further alleged that defendant failed to make an offer of UM coverage in the manner and form required by law when renewing the underlying policy on March 21, 1980, and, with knowledge of the consequences of its actions, "failed to offer [the Baileys] U.M. coverage in an amount equal to the Baileys' total bodily injury liability limits set forth in the combination of the underlying and excess policies ($1,000,000 per person)." Count II also alleged State Farm did not obtain a written rejection of such coverage. Count III alleged that but for defendant's negligent failures to act, including its failure to inform the insureds of the availability of additional UM coverage under the excess policy, the insureds would have increased their UM coverage under the excess policy prior to the fatal accident. Count IV alleged defendant's conduct amounted to a breach of its duty of good faith and fair dealing. Count V alleged defendant had a fiduciary duty to the insureds, and breached that duty. Count VI essentially alleged defendant's course of conduct amounted to common law fraud. Count VII alleged defendant's course of conduct violated the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*).

Counts I and II requested *reform* of the same excess policy as is involved here, so that it would afford UM protection of $1 million per person. These counts also requested submission to arbitration of the issues of liability and damages arising from the fatal accident involving Weldon J. Bailey, actual, compensatory, and punitive damages as appropriate, interest at the legal rate, costs, and "such other and further relief, both general and special, legal and equitable," to which plaintiff might establish she is entitled. Counts III through VII requested a finding that "[p]laintiff has been damaged in an amount equal to that which the uninsured motorist is legally obligated to pay for the claims arising out of the wrongful death of WELDON J. BAILEY, up to $1,000,000," an order requiring determination of the amount of such damages by arbitration, other appropriate actual, compensatory, and punitive damages, and court costs. These counts also contain the general prayer for other unspecified relief which appears in counts I and II.

The trial court granted judgment on the pleadings for the defendant, and the Third District Appellate Court affirmed. (*Bailey v. State Farm Fire & Casualty Co.* (1987), 156 Ill. App. 3d 979, 985, 509 N.E.2d 1064, 1068 (*Bailey II*), *appeal denied* (1987), 117 Ill. 2d 541.) The Third District Appellate Court held defendant's duty to offer UM coverage on the excess policy was controlled by the statute as it existed on September 21, 1979, the day the excess policy vested, and

neither the passage of the amendment effective March 1, 1980, nor the renewal of the underlying policy on March 21, 1980, affected the UM coverage under the excess policy.

On March 1, 1988, plaintiff filed the instant complaint for declaratory judgment against the defendant, McLean County case No. 88—CH—24. The complaint alleged that (1) the Baileys had four autos, each covered by a separate policy meeting the underlying insurance requirements of the declarations page of the excess policy, with combined UM coverage of $220,000; (2) State Farm, in calculating what it will pay and the definition of "Retained Limit—Coverage U," regards the "retained limit" as including the amounts payable from the four underlying policies ($220,000), which must then be deducted from the $35,000 UM coverage of the excess policy, leaving nothing from which to make a payment under the excess policy; (3) contrary to State Farm's position, the plaintiff interprets the excess policy to mean the "retained limit" is to be deducted from total damages (as opposed to $35,000), leaving at least $35,000 for payment of damages; (4) the agreement to pay "up to $35,000" is applicable to all four underlying policies which, when added together or "stacked," amounts to $140,000 in additional UM protection under the excess policy, absent a limitation in the excess policy to limit such application to one and only one underlying policy in the case of multiple insured vehicles; and (5) State Farm breached its contract by denying it owes plaintiff any amount under the UM provisions of the excess policy, thereby giving rise to an actual controversy. Plaintiff prayed for a declaratory judgment construing the excess policy and a determination that $140,000 of additional UM protection is available to the plaintiff thereunder. This complaint also includes a general prayer for other and further relief necessary to permit the parties to enforce their rights and obligations under the excess policy.

The defendant filed a motion to dismiss on the basis of *res judicata* (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(4)), or in the alternative for judgment on the pleadings. This motion was denied by the trial court on June 29, 1988. Thereafter, a first-amended complaint was filed, count II of which was subsequently stricken; and the court thereafter denied defendant's motion to reconsider its June 29, 1988, order on the issue of *res judicata,* and later filed a statement for the interlocutory appeal.

■ The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction is an absolute bar to a subsequent suit involving the *same* claim, demand, or cause of action. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246,

251, 461 N.E.2d 959, 961-62.) In order for the doctrine to serve as an absolute bar to a subsequent action, it must be established "that the cause of action, the thing to be recovered and the parties are the same in both proceedings." (*Charles E. Harding Co. v. Harding* (1933), 352 Ill. 417, 426, 186 N.E. 152, 155; see also *Wright v. Griffey* (1893), 147 Ill. 496, 498, 35 N.E. 732, 733.) Also, the evidence necessary to sustain a verdict for the plaintiff in the second proceeding must suffice to sustain the verdict which the plaintiff requested in the first proceeding. In other words, the claims asserted in the first and second proceedings must be based on a common core of operative facts. *Rodgers v. St. Mary's Hospital* (1990), 198 Ill. App. 3d 871, 880, 556 N.E.2d 913, 919.

Our research has failed to reveal any cases dealing with the applicability of the doctrine of *res judicata* to the precise factual situation presented by the case at bar. Other decisions, however, have held the doctrine is inapplicable to somewhat similar factual situations. In *Harding* (352 Ill. at 424-28, 186 N.E. at 154-56), for instance, the court held a decision in an injunction suit which involved issues concerning a contract's terms and legal effect did not bar a subsequent action seeking to have the same contract held invalid on the basis of duress, constructive fraud, and overreaching of one of the parties to the contract. Furthermore, an unsuccessful action based on an alleged compromise settlement agreement or contract to settle claims arising under an insurance policy does not preclude the insured from later filing a suit seeking payment of the same claims under the terms of the same insurance policy. 18 G. Couch, Insurance §74:806, at 1079 & n.9 (Rhodes rev. ed. 1983), citing *Hines v. Thomas Jefferson Fire Insurance Co.* (Ky. 1953), 267 S.W.2d 709, 711.

■ The present action fails all of the tests which are applicable in determining whether the broad bar of the doctrine of *res judicata* applies. The claims and demands asserted in the Peoria County action were premised on (1) a change in statutory law, (2) State Farm's alleged failure to inform the insureds of the consequences of that change, and (3) the omission from the excess policy of provisions which reflected the change in statutory law. In the seven counts of the complaint in the Peoria County action, plaintiff asserted causes of action based on statute, equitable principles, and principles of tort law. By contrast, the complaint involved in the present case is based solely on the language of insurance policies issued by defendant and asserts a cause of action premised on principles of contract law. Although counts III through VII of the Peoria County action requested a finding that plaintiff sustained monetary damages, and a decision

favorable to plaintiff in the present action would also provide a basis for awarding her monetary damages, the maximum amounts of damages and the bases for awarding them are vastly different. In the Peoria County action, the ultimate basis for awarding damages would have been enhanced UM coverage under terms of the amended statute; in the present action, the basis for any monetary award would be the language of the insurance policies themselves, unaffected by the statutory amendments concerning UM coverage.

Furthermore, the evidence needed to sustain a judgment for plaintiff in the present action would not have been sufficient to sustain a judgment in plaintiff's favor under the theories asserted in the Peoria County action. In the present action, the evidence of major relevance to plaintiff's claims would be State Farm's refusal to pay the amounts which plaintiff claims are due under the excess policy and any parol evidence concerning the meaning of the policy which the trial court would hold admissible. This evidence would not have been sufficient to sustain a judgment for plaintiff in the first action. In order to obtain a recovery in that suit, it would have been necessary for plaintiff to present evidence concerning State Farm's failure to offer the insureds enhanced UM coverage pursuant to the amended statute. This evidence would not have been relevant to any issue in the present case.

In support of its argument that *res judicata* bars the present action, State Farm relies principally on *Downen v. Country Mutual Insurance Co.* (1989), 181 Ill. App. 3d 716, 718-19, 537 N.E.2d 445, 446-47. We agree that, in *Downen*, the facts are quite similar to those in the case at bar. We nevertheless find *Downen* inapposite.

First, the *res judicata* discussion there was *dicta* inasmuch as the *Downen* court affirmed the dismissal on the basis that plaintiffs failed to allege facts to give them standing to bring suit, and then went on to address the circuit court's further ruling that the action was barred by *res judicata*. Second, the prior action underlying *Downen* was brought by David Barrett to "stack" underinsured (UIM) motorist coverage under policies owned by his parents; plaintiff appealed in that action and the court "held that David Barrett could not 'stack' the underinsured motorist coverage and specifically found that the amount of underinsured coverage available to Barrett under defendant's policies was $100,000." (*Downen*, 181 Ill. App. 3d at 717, 527 N.E.2d at 446 (discussing the appellate decision in *Barrett v. Country Mutual Insurance Co.* (1988), 165 Ill. App. 3d 1167 (unpublished order under Supreme Court Rule 23), *appeal denied* (1988), 121 Ill. 2d 567, 526 N.E.2d 827).) Barrett's parents subsequently brought the second action, apparently seeking reformation of the same policies based on

the insurer's alleged failure (1) to offer UIM coverage to them in the amount required by the Code, (2) to advise UIM coverage was available in the same amounts as bodily injury liability coverage, and (3) to specify the amount of premiums and nature and extent of UIM coverage available. Hence, the dismissal of the second action could as easily have been upheld based on the narrower bar of the collateral estoppel, or estoppel by verdict, branch of *res judicata* because there was a specific finding in the prior case that the amount of coverage available to plaintiff Barrett under defendant's policies was $100,000—a dollar limit which was essentially subjected to collateral attack in *Downen*.

We hold the present litigation does not involve the same claims, demands, or causes of action as the Peoria County litigation to which plaintiff and defendant were parties. Moreover, plaintiff's claims in the present case and in the Peoria County litigation are not premised on a common core of operative facts. Thus, the present action is not barred by the doctrine of *res judicata.*

The circuit court orders which denied State Farm's motion to dismiss and motion to reconsider are affirmed.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.