**Ziad William SARA, M.D., Appellant**

v.

**SAINT JOSEPH HEALTHCARE SYSTEM, INC., Appellee**

NO. 2013–CA–001909–MR

Court of Appeals of Kentucky.

RENDERED: DECEMBER 23, 2015; 10:00 A.M.

BRIEF FOR APPELLANT: J. Fox DeMoisey, Jonathan E. Breitenstein, Louisville, Kentucky.

BRIEF FOR APPELLEE: Sadhna G. True, Lexington, Kentucky.

BEFORE: MAZE, STUMBO, AND TAYLOR, JUDGES.

## OPINION

MAZE, JUDGE:

The Appellant, Ziad William Sara, M.D. (Dr. Sara) appeals from an order of the Fayette Circuit Court dismissing his claims against Saint Joseph Medical System, Inc. (the Hospital) for violation of administrative due process and for breach of contract. We agree with the trial court that the Hospital was not functioning as a "*de facto*" state agency and consequently was not subject to the requirements of KRS[1] Chapter 13B. We also agree

the trial court that the Hospital's Medical Staff Bylaws do not constitute an enforceable contract. Hence, we affirm the trial court's order dismissing these claims and remand for further proceedings on Dr. Sara's remaining claims against the Hospital.

For purposes of this appeal, the facts of this action are not in dispute. Dr. Sara is a physician licensed to practice in Kentucky and board-certified in internal medicine and nephrology. In January of 2007, the Hospital granted him medical staff privileges. In June of 2010, Dr. Sara applied to renew his staff privileges. However, the Hospital's Credentials Committee blocked his application based upon allegations that he violated patient care policies, made lapses in record keeping, and breached the Hospital's standard of conduct.

Dr. Sara pursued a review of this action through a Credentials Committee hearing, a Medical Governing Council review, and the Hospital's Appeal Board. Ultimately, the Appeal Board upheld the recommendation to deny Dr. Sara's reappointment. The Hospital's decision became final as of June 13, 2013. Shortly after this date, the Hospital advised the Kentucky Board of Medical Licensure (KBML) of its action, as required by KRS 311.606. Upon receiving this notice, the KBML placed Dr. Sara under a provisional license until it completed its review. However, the KBML ultimately took no action and reinstated Dr. Sara's regular license.

Dr. Sara filed this action seeking judicial review of the Hospital's actions on July 8, 2013. He sought review under three grounds. First, he noted that under KRS 311.606, the Hospital was required to report its denial of staff privileges to the KBML. He also noted that the Hospital's

1. Kentucky Revised Statutes.

determination in a disciplinary action is not subject to re-litigation in any proceeding before the KBML. KRS 311.395(21). Based upon these provisions, Dr. Sara argued that the KBML has delegated its investigatory and fact-finding functions, and consequently, the Hospital functions as a *de facto* state agency. Therefore, he contends that the Hospital's disciplinary procedures must be subject to the provisions of KRS Chapter 13B.

In the alternative, Dr. Sara argued that the Hospital's Medical Staff Bylaws constitute a contract between him and the Hospital. He alleges that the Hospital breached its contractual obligations during its conduct of the peer review process. And finally, Dr. Sara argued that the Hospital wrongfully terminated his staff privileges in violation of the requirements of the Bylaws, and had conducted the peer review process in bad faith or with a lack of good faith and fair dealing. Based upon these allegations, Dr. Sara sought judicial review of the Hospital's actions, with either a remand to the Hospital to conduct a new hearing in accord with KRS Chapter 13B, or reinstatement of his medical staff privileges.

The Hospital responded to the complaint with a motion to dismiss pursuant to CR [2] 12.02(f). Following a briefing of the issues and oral argument of counsel, the trial court granted the motion in part. The trial court found that, as a matter of law, the Hospital was not functioning as a state agency and therefore, was not subject to the requirements of KRS Chapter 13B. The trial court also found that the Medical Staff Bylaws do not constitute an enforceable contract between the Hospital and Dr. Sara. However, the trial court also found that Dr. Sara's complaint stated a viable claim for judicial review of the Hospital's decision to deny reinstatement of his medi-

cal staff privileges. But the court concluded that it lacked the authority to conduct a *de novo* review of that action or to order reinstatement of Dr. Sara's staff privileges. The trial court designated its partial dismissal of the complaint as final and appealable pursuant to CR 54.02, and this appeal followed.

CR 12.02 sets out defenses which may be asserted without filing a responsive pleading, including, "(f) failure to state a claim upon which relief can be granted[.]" A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." *Upchurch v. Clinton County*, 330 S.W.2d 428, 429–30 (Ky.1959). A trial court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved...." *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL–CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky.1977). Whether a court should dismiss an action pursuant to CR 12.02 is a question of law. *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App.2002). Consequently, we conduct a *de novo* review of the trial court's order dismissing Dr. Sara's claims. *Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, 348 S.W.3d 599, 601 (Ky.2011).

The first issue on appeal is whether the Hospital functions as a *de facto* state agency through an implied delegation of authority from the KBML. Dr. Sara first points to KRS 311.595, which sets out the grounds upon which the KBML may deny an application or re-application for a medical license. He first focuses on the introductory portion of the statute, "[i]f the power has not been transferred by statute ..." as implying that the KBML may delegate its fact-finding authority in disci-

<hr>

**2.** Kentucky Rules of Civil Procedure.

plinary cases. He further points to the provisions of subsection (21), which permits the KBML to suspend a license based upon a hospital's imposition of discipline or failure to renew staff privileges "if the action was based upon what the hospital or medical staff found to be unprofessional conduct, professional incompetence, malpractice, or a violation of any provisions of KRS Chapter 311." In addition, the final sentence of subsection (21) provides that "[t]his subsection shall not require relitigation of the disciplinary action." And finally, notes that a hospital is required to notify the KBML of its disciplinary actions against a physician. KRS 311.606.

Dr. Sara interprets these provisions as a delegation of the KMBL's investigatory and fact-finding authority upon a hospital's internal credentialing and disciplinary boards. He finds further support in this interpretation because the KBML is bound by factual findings of such boards, and a physician does not have the opportunity to re-litigate those determinations in a disciplinary proceeding before the KBML. By delegating these functions and granting preclusive effect to the Hospital's factual finding, Dr. Sara argues that the Hospital's disciplinary board functions as an arm of the KBML. Consequently, he maintains that those proceedings are governed by the provisions of KRS Chapter 13B and other due process standards to which state agencies are subject.

The Hospital first responds that the KBML has not taken any action against Dr. Sara's license. Indeed, Dr. Sara concedes that the KBML renewed his license even without restriction despite the Hospital's determination. Consequently, the Hospital argues that the issue is moot because the KBML did not actually give any deference to the Hospital's determination of misconduct.

In the alternative, the Hospital argues that Dr. Sara's interpretation is not supported by the plain language of the applicable statutes. KRS 311.395 specifically addresses the KBML's authority to impose discipline on a physician if "the power has not been transferred by statute to some other board, commission, or agency of this state ...." Likewise, KRS 13B.020(1) makes it clear that the provisions governing administrative hearings are applicable only to hearings "conducted by an agency." KRS 13B.010(1) defines an administrative agency as "each state board, bureau, cabinet, commission, department, authority, officer, or other entity in the executive branch of state government authorized by law to conduct administrative hearings." The Hospital's internal disciplinary processes are not administrative agencies within these definitions, nor can Dr. Sara point to any statutory authority which would authorize the Hospital to assume the duties of an administrative agency such as the KBML.

For all of these reasons, we agree with the trial court that the Hospital does not expressly or implicitly function as a state agency. Dr. Sara cannot point to any statute which expressly delegates the KBML's fact-finding functions to an outside organization such as the Hospital. At most, the statute permits the KBML to give deference to the factual findings of an internal peer-review disciplinary process. KRS 311.606 simply requires the Hospital to report the outcome of its disciplinary proceedings. Nevertheless, the KBML is not bound to impose discipline on a physician based on those findings. Consequently, we agree with the trial court that the Hospital's internal disciplinary proceedings are not subject to the requirements of KRS Chapter 13B.

■ Dr. Sara next argues that the Hospital's Medical Staff Bylaws constitute a

contract, for which he may bring claims for breach of contract and breach of the covenant of good faith and fair dealing implied in all contracts. Dr. Sara concedes that Kentucky has never held that such bylaws create an enforceable contract between a hospital and its physicians. However, he argues that, under certain circumstances, a hospital's bylaws may constitute an enforceable contract between the hospital and its medical staff.

To constitute a valid contract, there must be an offer and acceptance, full and complete terms, and a mutual, bargained-for exchange of valuable consideration. *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.,* 94 S.W.3d 381, 384 (Ky.App. 2002), *citing Hines v. Thomas Jefferson Fire Ins. Co.,* 267 S.W.2d 709, 711 (Ky. 1953). But generally, a promise to perform something that the promissor was already bound to do cannot constitute new and valuable consideration necessary to form a contract. *See Fidelity–Phenix Fire Ins. Co. v. Duvall,* 269 Ky. 300, 106 S.W.2d 991, 997 (1937), *citing Wallace v. Cook,* 190 Ky. 262, 227 S.W. 279, 281 (1921). As the trial court noted, the Hospital had a pre-existing duty to adopt bylaws for its medical staff, and it retained the authority to approve amendments to them. Consequently, the trial court concluded that the alleged contract lacked both mutuality of obligation and valuable consideration.

There is a split of authority among other jurisdictions which have addressed this issue. Some courts, like the trial court here, hold that a hospital's bylaws do not create a contract between the physician and the hospital due to a lack of new and valuable consideration. *See, e.g., Kessel v. Monongalia County Gen. Hosp. Co.,* 215 W.Va. 609, 600 S.E.2d 321, 326 (2004); *Miller v. St. Alphonsus Regional Med. Ctr., Inc.,* 139 Idaho 825, 87 P.3d 934, 942 (Idaho

2004); *O'Byrne v. Santa Monica–UCLA Medical Ctr.,* 94 Cal.App.4th 797, 114 Cal. Rptr.2d 575 (2001); *Zipper v. Health Midwest,* 978 S.W.2d 398, 416–17 (Mo.App. 1998); *St. Mary's Hospital of Athens, Inc. v. Radiology Professional Corp.,* 205 Ga. App. 121, 421 S.E.2d 731, 736 (1992); and *Gianetti v. Norwalk Hosp.,* 211 Conn. 51, 557 A.2d 1249 (1989). In these cases, the courts have declined to recognize a claim for breach of contract arising from a hospital's alleged violation of its bylaws.

Other courts have noted that, while a hospital has a pre-existing duty under state law to enact bylaws, it has no pre-existing duty to grant privileges to any particular physician, and the physician has no pre-existing duty to work at any particular hospital. Consequently, these courts have held that a hospital's extension of staff privileges and the physician's acceptance of the hospital's bylaws can constitute sufficient consideration to form a contract. *See, e.g. Williams v. Univ. Med. Ctr. of S. Nevada,* 688 F.Supp.2d 1134, 1141–42 (D.Nev.2010); *Whalen v. Down East Cmty. Hosp.,* 980 A.2d 1252, 1254–55 (Me.2009); *Lo v. Provena Covenant Med. Ctr.,* 356 Ill.App.3d 538, 292 Ill.Dec. 451, 826 N.E.2d 592, 598–99 (2005); *Read v. McKennan Hosp.,* 610 N.W.2d 782, 785 (S.D.2000); *Janda v. Madera Cmty. Hosp.,* 16 F.Supp.2d 1181, 1184 (E.D.Cal. 1998); *Virmani v. Presbyterian Health Servs. Corp.,* 127 N.C.App. 71, 488 S.E.2d 284 (1997); *Bass v. Ambrosius,* 185 Wis.2d 879, 520 N.W.2d 625, 627 (1994); *Lewisburg Cmty. Hosp. Inc. v. Alfredson,* 805 S.W.2d 756, 759 (Tenn.1991); and *Berberian v. Lancaster Osteopathic Hosp. Ass'n. Inc.,* 395 Pa. 257, 149 A.2d 456 (1959).

We agree with Dr. Sara that more jurisdictions tend to view a hospital's bylaws as an enforceable contract. However, the facts as alleged in his complaint do not support our adoption of that rule in this

particular case. Dr. Sara does not allege that he had a separate employment contract which incorporated the Hospital's Bylaws. Furthermore, the Hospital drafted its Bylaws without input from the medical staff, and it retained the authority to modify those Bylaws without additional consultation. Although Dr. Sara agreed to abide by the Medical Staff Bylaws by applying for staff privileges, the Hospital did not agree to do anything more than it was obligated by statute. Therefore, in the particular circumstances presented in this case, the Hospital's fulfillment of its statutory obligation to adopt bylaws does not constitute new and valuable consideration necessary for a contractual relationship.

Furthermore, as the trial court held, the Hospital's action is subject to judicial review for arbitrariness. In cases involving allegations of professional incompetence or misconduct, a hospital's decision adversely affecting a medical staff member's previously-granted privileges is subject to judicial review to ensure substantial compliance with the hospital's medical staff bylaws and that such bylaws afford basic notice and fair hearing procedures, including an impartial tribunal. *Mahmoodian v. United Hosp. Ctr., Inc.,* 185 W.Va. 59, 404 S.E.2d 750, 758–59 (1991). However, we conclude that the trial court properly dismissed Dr. Sara's claims based upon breach of contract arising from the Hospital's Bylaws.

Accordingly, the order of the Fayette Circuit Court partially dismissing Dr. Sara's complaint is affirmed and this matter is remanded for further proceedings on the remaining claims.

ALL CONCUR.