2024 IL App (1st) 230942-U

THIRD DIVISION
March 27, 2024

No. 1-23-0942

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| BDR ASSOCIATES, INC. | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22 M 001664 |
| | ) | |
| YESNAYA TOLEDO and ERIC CLAUDIO, | ) | Honorable |
| | ) | Jeffrey L. Warnick, |
|     Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE R. VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1     ***Held***: Under the principles of *res judicata*, we affirm the circuit court's dismissal of a claim for monetary damages that arose from a common core of operative facts as an earlier-filed lawsuit, and therefore could have been included in the earlier suit.

¶ 2     After successfully evicting tenants in one lawsuit, a landlord filed a second, separate complaint seeking monetary damages for rent for the property from which the tenants were evicted.

The circuit court dismissed the second complaint under the principles of *res judicata*. The landlord appeals. We affirm.

¶ 3                                    BACKGROUND

¶ 4    BDR Associates, Inc. (BDR) purchased a townhouse at a foreclosure sale. At the time of the purchase, Yesnaya Toledo and Eric Claudio (collectively, "tenants") had been living there for several years. The parties never entered into a written lease agreement, and there is no evidence there was even a meeting of the minds regarding the rent amount. After an extended period during which the tenants lived at the townhouse rent-free, BDR filed an eviction complaint. The court ordered the sheriff to evict the tenants, and they were evicted about seven months later. That complaint sought only forcible possession of the townhouse; it did not seek monetary damages for nonpayment of rent. On the eviction order form, BDR checked the "No money claimed in Eviction Complaint" box, and did not check the box that reads "Money claim dismissed and Plaintiff may seek this money in the future."

¶ 5    Nearly a year later, BDR filed a complaint seeking money damages under a theory of *quantum meruit*. BDR sought fair market value for about one and half years of occupancy, which, according to BDR, amounted to nearly $40,000. The tenants moved to dismiss under sections 2-619(a)(4) and (a)(9) of the Code of Civil Procedure. 735 ILCS 5/2-619(a)(4), (a)(9) (West 2020). Section 2-619(a)(4) permits involuntary dismissal where "the cause of action is barred by a prior judgment." 735 ILCS 5/2-619(a)(4) (West 2020). The tenants argued that BDR's complaint is barred because there was a prior judgment for the same cause of action. Section 2-619(a)(9) permits involuntary dismissal where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(4) (West 2020). The tenants argued that dismissal of BDR's complaint is warranted because BDR

failed to notify defendants about a rent increase. BDR responded, contending that "[the tenants] are being silly", and the mere fact that the eviction order form includes a checkable box that states "Money claim dismissed and Plaintiff may seek this money in the future" indicates that a party is not precluded from filing a subsequent suit for money damages. The court dismissed BDR's complaint with prejudice, holding that *res judicata* bars the *quantum meruit* claim.[1]

¶ 6     BDR appeals.

¶ 7                                     ANALYSIS

¶ 8     On appeal, BDR argues that *res judicata* does not preclude it from seeking monetary damages in a second lawsuit after prevailing on its eviction lawsuit against the tenants, even though it did not claim monetary damages in the initial suit. The tenants did not file a response brief, so we consider this appeal on appellant's brief only, as allowed under *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("[I]f the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal.").

¶ 9     We review a circuit court's decision on a motion to dismiss *de novo*. *Mosby v. Ingalls Memorial Hospital*, 2023 IL 129081, ¶29. *De novo* consideration means we perform the same analysis that a circuit judge would perform. *Court of Northbrook Condominium Ass'n v. Bhutani*, 2014 IL App (1st) 130417, ¶ 25.

¶ 10    "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their

---

[1] In the appendix to its brief, BDR has failed to include a copy of the judgment that it seeks to appeal, as required by Illinois Supreme Court Rule 342 (eff. Oct. 1, 2019). Our supreme court rules are not mere suggestions; they have the force of law. *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010). We direct counsel to abide by our supreme court rules in his court filings.

privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). The doctrine reaches "not only to what was actually decided in the original action, but also to matters which could have been decided in that suit." *Id.* at 334–35. For *res judicata* to apply, there must be: (1) "a final judgment on the merits rendered by a court of competent jurisdiction", (2) "an identity of cause of action", and (3) "an identity of parties or their privies." *Id.* at 335. The facts of this case satisfy these three elements.

¶ 11    The first and third elements of *res judicata* are not in dispute. BDR challenges only the circuit court's implicit determination[2] that the second element (identity of cause of action) is satisfied here. That is, BDR argues that a forcible suit for possession only is not the same cause of action as a suit for monetary damages. BDR misapprehends the meaning of "identity of cause of action."

¶ 12    Simply put, causes of action are "the same" for *res judicata* purposes where "the claims asserted in the first and second proceedings [are] based on a common core of operative facts." *Bailey v. State Farm Fire & Casualty Co.*, 208 Ill. App. 3d 964, 969 (1991) (citing *Rodgers v. St. Mary's Hospital*, 198 Ill. App. 3d 871, 880 (1990)).

¶ 13    In the case at bar, both the request for forcible possession and the request for monetary damages under a theory of *quantum meruit* are premised on the same operative facts: the tenants' occupation of the townhouse without paying rent. The eviction form itself includes an option to request monetary damages, which is, at the very least, a strong indication that the monetary relief and eviction are the typical remedies for a tenant's occupation without rent payment. In its brief, BDR offers no explanation as to why *res judicata* should not apply, save for the general contention

---

[2] The court did not author an extensive analysis explaining why *res judicata* applies. We assume the court found that the "identity of cause of action" element is satisfied here, as that is a condition precedent to its holding that *res judicata* applies.

that there is no "identity of cause of action." BDR does not explain how or why the request for forcible possession and the subsequent request for monetary damages do not arise out of a common core of operative facts – again, the tenants' occupation of the townhouse without payment of rent. This is because these remedy requests *do* arise out of a common core of operative facts.

¶ 14    BDR seems to suggest that the fact that the eviction order form allows a party to seek monetary damages in the future precludes the application of *res judicata*. In other words, the existence of that checkable box on the form creates an exception to *res judicata*. We need not decide this question to resolve this appeal. "Established principles of judicial review counsel against consideration of issues which are not essential to the disposition of the cause or where the result will not be affected regardless of how the issues are decided." *In re Estate of Boyar*, 2013 IL 113655, ¶ 36. Here, whether or not the eviction form creates an exception to *res judicata*, BDR affirmed it would not be seeking monetary damages. Additionally, and importantly, the form is an order signed by a judge. A party that defies a court order is subject to contempt proceedings. See, *e.g.*, *People v. Warren*, 173 Ill. 2d 348, 368 (1996) ("A court is vested with inherent power to enforce its orders and preserve its dignity by the use of contempt proceedings."). Allowing BDR to pursue a claim for monetary damages now would be inconsistent with the eviction order, as the order also serves as a notice to the tenants that BDR will not seek money damages in the future.

¶ 15    In sum, as all three elements of *res judicata* are satisfied, we conclude that BDR's claim for monetary damages is barred.

¶ 16                                   CONCLUSION

¶ 17    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 18    Affirmed.