DILLARD R. MISSELHORN *et al.*, Plaintiffs-Appellants, v. DENNIS DOYLE, State's Attorney for Monroe County, *et al.*, Defendants-Appellees.

Fifth District   No. 5—92—0268

Opinion filed February 9, 1994.

Kenneth J. Heinz, of Curtis, Oetting, Heinz, Garrett & Soule, P.C., of St. Louis, Missouri, for appellants.

Hinshaw & Culbertson, of Chicago (D. Kendall Griffith and Dawn Sallerson, of counsel), for appellees Art Baltz and Arlou Baltz.

Arlie E. Traughber, of Columbia, for appellees Sandra Roessler, Clyde Davis, David Janson, Janet Janson, Jerome Buss, Alma Buss, and Ellen Brueggeman.

Donovan, Rose, Nester & Szewczyk, P.C., of Belleville (Douglas R. Heise, of counsel), for appellees Walter Riebeling, John Coates, Alan Holden, Francis Fromme, Bernhardt Bergman, and Michael Roediger.

No brief filed for appellee Dennis Doyle.

JUSTICE MAAG delivered the opinion of the court:

In 1989, the plaintiffs, Dillard and Agnes Misselhorn, were arrested, charged, and convicted for simulating legal process. The convictions were reversed on appeal. (See *People v. Misselhorn* (1990), 207 Ill. App. 3d 1123, 604 N.E.2d 588 (unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23)); *People v. Misselhorn* (1991), 212 Ill. App. 3d 1114, 614 N.E.2d 915 (unpublished order pursuant to Supreme Court Rule 23).) On August 2, 1991, the plaintiffs filed this suit against 17 defendants claiming that the defendants had maliciously prosecuted them in the earlier action. In their complaint, plaintiffs named the following persons as defendants: Dennis Doyle, State's Attorney for Monroe County; Walter Riebeling, chief of police for the City of Columbia; John Coates, mayor of the City of Columbia; Alan Holden, Francis Fromme, Bernhardt Bergman, and Michael Roediger, all volunteer members of the fire department of the City of Columbia; Sandra Roessler, Clyde Davis, David Janson, Janet Janson, Jerome Buss, Alma Buss, Art Baltz, Arlou Baltz, and Ellen Brueggeman, all residents of the City of Columbia; and Iona Juengling, an employee of the United States Postal Service, who works in the City of Columbia. The original complaint contained identical counts alleging malicious prosecution, false arrest, and false imprisonment against each named defendant.

On September 9, 1991, the first-named defendant in this case,

Doyle, filed a motion to dismiss based upon the State's Attorney's immunity from suit when acting in a prosecutorial capacity. An order voluntarily dismissing defendant Juengling was entered on September 27, 1991. On March 18, 1992, the court entered an order dismissing with prejudice the count against Doyle. The plaintiffs did not appeal that order. Doyle filed a motion for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) and requested attorney fees and costs. The court imposed a sanction of $4,424.38. The plaintiffs appealed, and this court affirmed, specifically stating that the trial court had determined that the plaintiffs' suit had not been filed in good faith but was instead filed by them to harass the office of the State's Attorney because of prior prosecutions. (See *Misselhorn v. Doyle* (5th Dist. 1993), No. 5—92—0435, order at 2 (unpublished order pursuant to Supreme Court Rule 23).) Neither the order dismissing the count against defendant Doyle nor the order dismissing the count against defendant Juengling is the subject of this appeal.

An order dated March 23, 1992, dismissed all of the counts against the remaining defendants with prejudice. The order specifically stated as follows:

"1. That Plaintiffs have failed to allege that said action has been brought within the two-year statute of limitations.

2. That as a matter of law there was probable cause to bring the criminal prosecution and, therefore, no action lies for malicious prosecution.

3. That the alleged cause of action against the named Defendants is privileged under Illinois Law and Defendants are immune in that any communications with the State's Attorney regarding the potential commission of a crime *** enjoys absolute immunity from prosecution for malicious prosecution."

It is from this order that this appeal is taken.

The plaintiffs contend that the trial court erred in dismissing their complaint for failure to state a cause of action for malicious prosecution.

■ Illinois is a fact-pleading State. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009.) In order to state a cause of action, a complaint must set forth a legally recognized cause of action and plead facts bringing the claim within that cause of action. Dismissal of the complaint is mandatory if one fails to meet both requirements. (*Fahner*, 88 Ill. 2d at 308, 430 N.E.2d at 1009.) When the legal sufficiency of a complaint is challenged by a motion to dismiss, it must assume the truth of all facts properly pleaded; however, the court must ignore conclusions of law and fact not supported by allegations of the specific facts upon

which such conclusions rest. *Quake Construction, Inc. v. American Airlines, Inc.* (1990), 141 Ill. 2d 281, 289, 565 N.E.2d 990, 994; *Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 531, 169 N.E.2d 747, 750.

■ To state a cause of action for malicious prosecution, a plaintiff must allege facts showing (1) the commencement of an original criminal or civil judicial proceeding by the defendant; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for such proceeding; (4) presence of malice; and (5) damages resulting to the plaintiff. (*Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 473, 564 N.E.2d 1222, 1231.) The absence of any one of these elements bars recovery; therefore, the plaintiff must plead facts showing each of the above elements.

■ In the instant case, the plaintiffs merely alleged that each defendant "initiated the aforesaid proceedings with malicious intent and without probable cause." This statement is a conclusion. The plaintiffs did not allege facts to support this conclusion. Because the plaintiffs have failed to plead facts to support each element of malicious prosecution, they have failed to state a cause of action. (See *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 815, 458 N.E.2d 1120, 1127; *McCutcheon v. Moran* (1981), 99 Ill. App. 3d 421, 426, 425 N.E.2d 1130, 1134; *Jacobson v. Rolley* (1975), 29 Ill. App. 3d 265, 267, 330 N.E.2d 256, 258.) We agree with the *Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45, 411 N.E.2d 229, 232, decision:

> "Public policy favors the exposure of crime, and the cooperation of citizens possessing knowledge thereof is essential to effective implementation of that policy. Persons acting in good faith who have probable cause to believe crimes have been committed should not be deterred from reporting them by the fear of unfounded suits by those accused. It was for the purpose of encouraging and protecting those who exercise their constitutional right to appeal to our courts for redress of private or public grievances that the circumstances in which malicious prosecution actions may be brought have been rather narrowly circumscribed." (*Joiner,* 82 Ill. 2d at 44-45, 411 N.E.2d at 231.)

Hence, we believe that the plaintiffs' complaint was properly dismissed.

Further, the plaintiffs appear to argue that dismissal with prejudice was inappropriate because the defects in their complaint could have been cured if the trial court had allowed them to amend their complaint.

Initially, we note that a party that fails to obtain a ruling of the court on its motion to amend is deemed to have waived its right to do so. (See *People ex rel. Vanderhyden v. Village of Elwood* (1972), 5 Ill.

App. 3d 590, 594, 284 N.E.2d 668, 671.) Because the plaintiffs in the instant case failed to obtain a ruling from the court on their oral request for leave to amend their complaint, we believe that they have waived their right to do so.

Even if the plaintiffs had not waived this issue, the outcome would not be different. Parties do not have an absolute right to amend, because the allowance of an amendment of a pleading rests within the sound discretion of the trial court. (*Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 436, 318 N.E.2d 162, 164.) Although section 2—616(a) of the Civil Practice Law (735 ILCS 5/2—616(a) (West 1992)) allows amendments to pleadings to be liberally construed, "[t]his court has previously stated that a party desiring to file an amended pleading should include it in the record. If this is not done, the reviewing court is not in a position to say that justice would be served by giving leave to amend. In such circumstances, the court presumes that another attempt at pleading would be fruitless." *Kostur v. Indiana Insurance Co.* (1989), 192 Ill. App. 3d 859, 866, 549 N.E.2d 685, 690.

In the case at bar, the plaintiffs did not tender an amended complaint, and the record before us does not include a proposed amendment. Because the proposed amendment is not part of the record, we have no basis on which to determine if there was a manifest abuse of discretion. See *Tate v. Coonce* (1981), 97 Ill. App. 3d 145, 148, 421 N.E.2d 1385, 1388.

Since we have determined that the defendants would not be liable for malicious prosecution based upon the facts alleged on the face of the complaint, and because we have determined that the plaintiffs have waived their right to amend their complaint, we see no need to address the plaintiffs' remaining contentions of error.

In light of the foregoing considerations, we affirm the judgment of the circuit court.

Affirmed.

GOLDENHERSH and CHAPMAN, JJ., concur.