CHRISTOPHER M. VINCENT, Plaintiff-Appellant, v. JAYSON WILLIAMS *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—94—1892

Opinion filed March 29, 1996.

2

Daniel S. Alexander and Patrick E. Boyle, both of Arnold & Alexander, Ltd., of Chicago, for appellant.

Howard T. Brinton and David H. Brinton, both of Brinton & Fedota, of

Chicago, and G. Thomas Sullivan, of Lee, Sullivan & Mathis, of Birmingham, Alabama, for appellee Charles Barkley.

JUSTICE WOLFSON delivered the opinion of the court:

Plaintiff Christopher Vincent (Vincent) seeks his day in court after a tough night in a Chicago bar.

This four-count complaint, filed January 24, 1994, was brought against Jayson Williams (Williams) and Charles Barkley (Barkley).

In count I of the complaint, Vincent alleged that Williams committed a battery against him by hitting him over the head with a beer mug while they were out "socializing" on January 15, 1992. Williams denied the allegations and asserted the defense of self-defense. That count is pending.

Vincent further claimed that Williams and Barkley, both individually and in conspiracy with one another, falsely accused Vincent of threatening Williams with a knife. Vincent was arrested and charged with aggravated assault. The case was stricken on leave to reinstate when Williams and Barkley failed to appear in court. Based on these facts, Vincent sought recovery from Williams and Barkley for malicious prosecution, false imprisonment, and defamation in counts II, III, and IV, respectively.

Williams and Barkley each filed section 2—615 motions to dismiss counts II, III, and IV for failure to state a cause of action. 735 ILCS 5/2—615 (West 1992). They also filed section 2—619 motions to dismiss count IV as barred by the applicable statute of limitations. 735 ILCS 5/2—619 (West 1992).

The trial court entered an order granting the "Rule 2—615 and Rule 2—619 motions of both Williams and Barkley." Counts II through IV were dismissed with prejudice as to both Williams and Barkley. The order was made final and appealable by the court's finding of "no cause or reason to delay enforcement or appeal."

Now, on appeal, Vincent argues that the claims should not have been dismissed. We affirm the trial court's rulings on counts II and IV, but we reverse its ruling on count III.

OPINION

Count II—Malicious Prosecution

■ The trial court dismissed the malicious prosecution claim for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure. 735 ILCS 5/2—615 (West 1992). To state a cause of action for malicious prosecution, one must allege facts showing: (1) the commencement or continuance of an original or criminal

judicial proceeding by the defendant; (2) *termination of the prosecution in favor of the plaintiff in a manner indicative of the innocence of the plaintiff*; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Swick v. Liautaud*, 169 Ill. 2d 504 (1996); *Joiner v. Benton Community Bank*, 82 Ill. 2d 40, 411 N.E.2d 229 (1980).

Vincent's aggravated assault case was stricken on leave (SOL). This, said the court, was not a disposition in Vincent's favor for the purposes of a malicious prosecution claim.

■ Now, on appeal, Vincent argues that the trial court's decision "ignores *** the modern reality" that an SOL is the manner in which cases are disposed of when the prosecution cannot make a case.

Vincent's argument ignores the "long line of cases" that has held, since 1862, that striking a case from the docket with leave to reinstate is not a legal termination in favor of the defendant. See *Khan v. American Airlines*, 266 Ill. App. 3d 726, 732, 639 N.E.2d 210 (1994).

Vincent relies on *Rich v. Baldwin*, 133 Ill. App. 3d 712, 479 N.E.2d 361 (1985), as support for his position. In *Rich* the court held that the dismissal of a criminal charge, on defense counsel's motion, for failure to try the accused within the statutory period, constituted a termination in the accused's favor.

But the *Khan* court distinguished *Rich*. When a case is stricken on leave to reinstate, said the court, it is not terminated. *Khan*, 266 Ill. App. 3d at 732. A plaintiff whose case is stricken on leave must obtain a final determination in his favor by bringing a motion for discharge on speedy trial grounds. Failing to do so, the plaintiff failed to meet his burden of proving a favorable final determination. *Khan*, 266 Ill. App. 3d at 733.

We note plaintiff does not contend, nor does the record reflect, that he made a demand for immediate trial when the case against him was dismissed. In the absence of a demand for immediate trial, the statutory period for bringing a criminal charge to trial does not begin to run. 725 ILCS 5/103—5(b) (West 1992); *People v. Garrett*, 136 Ill. 2d 318, 555 N.E.2d 353 (1990).

Our conclusion is supported by a recent supreme court opinion, *Swick v. Liautaud*, 169 Ill. 2d 504 (1996). Analyzing a malicious prosecution claim, the court held a *nolle prosequi* order was not proof of a favorable termination because it "did not establish that the criminal proceedings were terminated in a manner consistent with Swick's innocence." *Swick*, 169 Ill. 2d at 514. There is nothing about the SOL order in this case that establishes the criminal proceedings were terminated in a manner consistent with innocence.

Public policy favors the exposure of crime, and courts should encourage and protect citizen cooperation by "narrowly circumscribing" the circumstances in which malicious prosecution actions may be brought. *Misselhorn v. Doyle*, 257 Ill. App. 3d 983, 629 N.E.2d 189 (1994).

We find that the trial court did not err in dismissing the malicious prosecution claim for failure to state a cause of action.

Count III—False Imprisonment

In this count, Vincent alleged that Williams and Barkley conspired together to fabricate a fictitious story about Vincent threatening Williams with a knife. This story, Vincent said, was a cover-up for Williams' unprovoked attack on Vincent. When the police came to the bar to investigate a report of a fight, Williams and Barkley, in furtherance of their plot, informed the police of this fictitious threat. Based upon this information, Vincent said, the police were induced to arrest him. In his complaint, Vincent alleged that, "as a direct and proximate result of the defendants' false and malicious statements, [Vincent] was arrested, charged with aggravated battery, and confined in jail for approximately twelve hours before he was released on bail."

The trial court, taking judicial notice of an earlier complaint filed by plaintiff in this case and the exhibits attached to it, noted that Williams and Barkley were not the only persons to give the investigating officers information which led to Vincent's arrest. For this reason the court dismissed the false imprisonment claim for failure to state a cause of action under section 2—615 of the Code.

■ To state a cause of action, a complaint must set forth a legally recognized cause of action and plead facts bringing the claim within that cause of action. *Misselhorn v. Doyle*, 257 Ill. App. 3d 983, 629 N.E.2d 189 (1994). A section 2—615 motion to dismiss admits all well-pled facts as true, but does not admit conclusions of law or factual conclusions which are unsupported by allegations of specific facts. *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452, 654 N.E.2d 1109 (1995). When deciding whether to grant a motion to dismiss for failure to state a cause of action, the trial court must interpret the plaintiff's factual allegations in the light most favorable to the plaintiff, but liberal construction cannot cure factual deficiencies. *Carter v. New Trier East High School*, 272 Ill. App. 3d 555, 650 N.E.2d 657 (1995).

■ To state a cause of action for false imprisonment, the plaintiff must allege that his personal liberty was unreasonably or unlawfully restrained against his will and that defendant(s) caused or procured

the restraint. *Meerbrey v. Marshall Field & Co.*, 189 Ill. App. 3d 1085, 545 N.E.2d 952 (1989). An unlawful arrest by an officer caused or procured by a private person is the same as an arrest by the private person. *Dutton v. Roo-Mac, Inc.*, 100 Ill. App. 3d 116, 426 N.E.2d 604 (1981); *Mangus v. Cock Robin Ice Cream Co.*, 52 Ill. App. 3d 110, 367 N.E.2d 203 (1977). For liability to attach to the private person, however, the arresting officer must have relied solely on the information given to him by the private party when making the arrest. *Dutton v. Roo-Mac, Inc.*, 100 Ill. App. 3d at 119-20.

■ It is clear to us that Vincent's complaint, on its face, states a cause of action for false imprisonment. Defendants, however, challenge the factual allegation that they caused or procured Vincent's arrest. They argue that the trial court, by taking judicial notice of the police report that had been attached to plaintiff's prior complaint (but later withdrawn), could find that the officer did not arrest Vincent based solely on information given by them. This report indicated that two female witnesses gave the investigating police officers the "same info" given by the defendants.

In support of their argument, defendants rely on *Weimann v. County of Kane*, 150 Ill. App. 3d 962, 502 N.E.2d 373 (1986). In *Weimann*, the court held that a reviewing court could take judicial notice of records of proceedings in its own or other courts which contained easily verifiable facts "as an 'aid in the efficient disposition of litigation.' " *Weimann*, 150 Ill. App. 3d at 969, quoting *People v. Davis*, 65 Ill. 2d 157, 165 (1976). The court then took judicial notice that an arrest warrant had been issued against the plaintiff. Because there had been a warrant, the court found that Weimann's complaint for false imprisonment against the county sheriff's office was properly dismissed for failure to state a cause of action.

"Judicial notice may be taken of factual evidence where the facts are capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy." *In re Marriage of DeBow*, 236 Ill. App. 3d 1038, 1040, 602 N.E.2d 984 (1992).

The police report should not have been judicially noticed in this case.

This police report is not a "source of indisputable accuracy." It is an inadmissible hearsay document of unproved verity. Furthermore, the report was attached to a prior complaint that had been withdrawn by plaintiff. Strictly speaking, the report was not a part of the second amended complaint. It should not have been considered. See *W.P. Iverson & Co. v. Dunham Manufacturing Co.*, 18 Ill. App. 2d 404, 425-26, 152 N.E.2d 615 (1958) (an amendment, complete in itself, which does not refer to or adopt a prior pleading, supersedes it, and the

original pleading ceases to be a part of the record, being in effect abandoned or withdrawn).

But even if judicial notice of this document were taken, it would not negate Vincent's allegations that defendants caused or procured his arrest. The report merely indicates that two other witnesses gave the police the "same info" given by defendants. The report does not say whether the witnesses' statements were based on direct observation of the incident or exactly what information they corroborated. This hearsay report, vague and general, should not be a substitute for direct, testimonial evidence.

Whether the two other witnesses actually saw Vincent assault Williams with the threat of a knife is a matter that may be taken up in other proceedings in this case.

For this reason, the plaintiff's factual allegations that defendants, in conspiracy with one another, falsely and maliciously caused or procured his arrest are sufficient to withstand the section 2—615 motion. The trial court's order dismissing count III as to both defendants is reversed.

Count IV—Defamation

Publication to the Police

■ The trial court did not state on the record its reasons for dismissing count IV with regard to the statements made to the police officers. This is probably because the trial court had already dismissed the defamation claim in Vincent's first amended complaint on the basis of absolute immunity.

In the second amended complaint, Vincent made no new allegations with respect to statements made to the police that would take this claim outside the trial court's original ruling that the statements were subject to absolute privilege. On review, we assume that the trial court's ruling on the defamation claim in the second amended complaint was the same as before, *i.e.*, that absolute privilege applied.

It has long been held that statements made to law enforcement officials, for the purpose of instituting legal proceedings, are granted absolute privilege. See *Starnes v. International Harvester Co.*, 184 Ill. App. 3d 199, 204, 539 N.E.2d 1372 (1989) (and the cases cited in that decision). In *Starnes* the court rejected the argument that when a claim of malice is made, a qualified, rather than an absolute, privilege applies. When absolute privilege attaches, no action for defamation lies, even where malice is alleged. *Weber v. Cueto*, 209 Ill. App. 3d 936, 568 N.E.2d 513 (1991).

In this case, the statements that Vincent claims to be defamatory are the statements alleging Vincent's criminal activity, which Williams and Barkley reported to the police during the investigation of the fight. These statements are cloaked with absolute privilege and the trial court properly dismissed the claim.

Publication to the News Media

Vincent's original complaint was filed in July 1992. The defamation count in that complaint sought redress for publication only to Chicago police officers. In January 1994 Vincent filed his second amended complaint in which he alleged, for the first time, that defamatory statements were made by defendants to "members of the news media."

In *Zielinski v. Schmalbeck*, 269 Ill. App. 3d 572, 646 N.E.2d 655 (1995), the court noted that actions for slander, libel, or for publication of matter violating the right of privacy must be commenced within one year of the time that the cause of action accrued. 735 ILCS 5/13—201 (West 1992).

Vincent is unable to avoid the operation of the applicable limitations period. He claims on appeal, as he did in the trial court, that the new allegation related back to the original complaint. This argument was specifically rejected by the trial court. In doing so, the trial court correctly held that the decision in *Weber v. Cueto*, 253 Ill. App. 3d 509, 624 N.E.2d 442 (1993), is directly on point.

In *Weber*, the court stated that "the controlling factor" to be determined when deciding whether a count relates back is "not whether the amended action seeks the same remedy; rather, the court must determine that the two actions or remedies, even though different, require the same proof." *Weber*, 253 Ill. App. 3d at 516. The court then went on to find that a claim of defamation by publication to the newspapers did not relate back to a claim of defamation to authorities because the two claims did not require the same proof. Publication to the newspapers would not be subject to a defense of privilege, as was the publication to authorities. *Weber*, 253 Ill. App. 3d at 520.

Based on *Weber*, the allegation of publication to the news media could not relate back to the original complaint. The claim, having been filed for the first time in 1994, in the second amended complaint, was not timely. The trial court properly dismissed it on that basis.

CONCLUSION

We affirm the circuit court order dismissing counts II and IV of

Vincent's complaint as to both Williams and Barkley. The order dismissing count III is reversed and remanded for further proceedings.

Affirmed in part; reversed and remanded in part.

CAMPBELL, P.J., and BUCKLEY, J., concur.