# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Rodgers v. Cook County, Illinois*, 2013 IL App (1st) 123460

---

| | |
|---|---|
| Appellate Court Caption | DAVID RODGERS, as Special Administrator of the Estate of Edward J. Rodgers, Deceased, Plaintiff-Appellant, v. COOK COUNTY, ILLINOIS, SUNITA WILLIAMSON, M.D., and CLIFFORD OLIVER, Defendants-Appellees. |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-3460 |
| Filed | September 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the death of plaintiff's father while an inmate in a county jail after he was allegedly deprived of his prescription medication, the dismissal of plaintiff's state court action on the ground that a duplicative federal action was pending was reversed and the circuit court was directed to stay the proceedings until the federal court ruled on whether the two-year statute of limitations would bar plaintiff's medical malpractice and negligence claims against the individual physician and the mental health specialist who dealt with his father, since the state court would then be in a better position to rule on the motion to dismiss the state action against the individual defendants. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-08742; the Hon. Eileen Mary Brewer, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on Appeal

Kenneth N. Flaxman, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Jeffrey McCutchan, Sandra J. Weber, and Francis J. Catania, Assistant State's Attorneys, of counsel), for appellee Cook County.

Panel

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.

Justices McBride and Palmer concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff David Rodgers is the special administrator of the estate of his deceased father, Edward J. Rodgers, and he appeals the circuit court's dismissal under section 2-619 of the Code of Civil Procedure of his action against defendants Cook County, Illinois; Dr. Sunita Williamson, a physician; and Clifford Oliver, a mental health specialist. 735 ILCS 5/2-619(a)(3) (West 2008). The complaint alleges that the decedent died as a result of the denial of his prescription medicine while an inmate at Cook County jail. In dismissing the complaint, the circuit court found that the state lawsuit was duplicative of a 42 U.S.C. § 1983 action already pending in federal court. The federal action was brought by the same plaintiff against defendants Cook County, Illinois, and the sheriff of Cook County, but not against the individual defendants named in the state action. Following the dismissal of the state action, the federal court granted plaintiff leave to amend the federal complaint to add Dr. Williamson and Oliver as defendants. The federal action was then stayed pending the outcome of this appeal.

¶ 2    On appeal, plaintiff claims that the circuit court improperly granted defendants' motion to dismiss because the two lawsuits were against different defendants, and that discretionary factors concerning prejudice weigh in favor of keeping the state malpractice and negligence claims in state court. *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447-48 (1986). Specifically, plaintiff argues that he would be unable to obtain complete relief if the state action was dismissed because the two-year statute of limitations could bar him from maintaining an action against Dr. Williamson and Oliver in federal court. 745 ILCS 10/8-101(b) (West 2008). In response, defendants claim that both the federal and state lawsuits involve the same cause of action and that plaintiff cannot bring two wrongful death claims at the same time. For the following reasons, we reverse and remand with instructions to the trial court to stay the state proceedings until the federal court decides the statute of limitations issue.

-2-

¶ 3                                    BACKGROUND

¶ 4        The issue raised by plaintiff on appeal concerns the propriety of the circuit court's dismissal of plaintiff's state action due to his pending federal lawsuit. In the federal action, plaintiff sued defendants Cook County, Illinois, and the sheriff of Cook County, alleging that its policies at Cook County jail led to the death of the decedent, who died from cardiac arrest on August 6, 2010, while an inmate there. Specifically, plaintiff alleges that the decedent waited three days without his blood pressure medication due to the jail's policy that an inmate must be examined by a physician at the jail prior to receiving prescription medication. Exactly two years after the decedent's death, plaintiff filed a separate action in the circuit court of Cook County against defendants Cook County, Illinois; Dr. Sunita Williamson, a physician; and Clifford Oliver, a mental health specialist. In the state action, plaintiff claims that Dr. Williamson's and Oliver's negligent conduct was the proximate cause of the death of the decedent. Specifically, plaintiff alleges that Dr. Williamson, a medical physician, prescribed the wrong medicine, and, then, Oliver, a jail health worker, failed to notify medical personnel after observing the decedent's deteriorating condition. The circuit court of Cook County subsequently granted defendants' section 2-619(a)(3) motion to dismiss the state action (735 ILCS 5/2-619(a)(3) (West 2008)), finding that both lawsuits "are the same" and that discretionary factors weighed in favor of dismissal. *Kellerman*, 112 Ill. 2d at 447-48.


¶ 5                              I. The State Court Complaint

¶ 6        Plaintiff filed the state action on August 6, 2012, against defendants Cook County, Illinois, Dr. Sunita Williamson, and Clifford Oliver. The complaint names "Cook County, Illinois," as a defendant; however, County of Cook filed an appearance that it was incorrectly named in the suit as Cook County. Also, the state complaint alleges that defendant Cook County is "an Illinois municipal corporation"; however, the County of Cook is a "body politic." 55 ILCS 5/5-1001 (West 2006); *Turnipseed v. Brown*, 391 Ill. App. 3d 88, 89 (2009). Plaintiff has not yet amended his complaint to correct the errors.

¶ 7        The state complaint alleges that, when the decedent entered the Cook County jail on July 31, 2010, he was 61 years old and had serious health problems. At the time he had an implanted defibrillator and required a variety of prescription medication to maintain his health, and reported this need to the jail's intake personnel. The next day, the decedent was transported to the Cermak infirmary emergency room, which in turn referred him to Stroger Hospital, where he remained overnight. On August 2, 2010, physicians at Stroger determined that he should continue to take the medications that he had been prescribed before entering jail. The physicians identified the medications that the decedent required based on his medical records, and the medication was returned to the jail, along with the decedent, later that day.

¶ 8        Despite the physicians' recommendation that the decedent receive medication, a policy at the Cook County jail prohibited him from receiving any medication until he was examined by a physician at the jail. The decedent then waited an additional three days without medication until Dr. Sunita Williamson, a jail physician, examined him on August 5, 2010. After the examination, Dr. Williamson prescribed the *wrong* medication, directing that he

receive hydroxyzine pamoate, a muscle relaxant, instead of hydralazine, a hypertension (blood pressure) medicine.

¶ 9    The next day, a correctional officer observed that the decedent was exhibiting bizarre behavior, so he sent him to Clifford Oliver, a mental health specialist employed by Cook County, for a psychological evaluation. After examining the decedent, Oliver determined that he did not have any psychological problems and that his behavior was the result of a medical issue, not a mental health issue. Oliver did not take any action to ensure that the decedent received medical attention, and the decedent died several hours later, shortly before midnight. The cause of death was documented as cardiac arrest without an autopsy.

¶ 10    The state complaint does not specifically plead the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2008)) or the Survival Act (755 ILCS 5/27-6 (West 2008)), and instead seeks claims for medical malpractice and negligence. In count I, plaintiff alleges a claim of medical malpractice against Dr. Williamson, alleging that she negligently prescribed the decedent the wrong medication, which led to his death. In count II, plaintiff alleges that Oliver was also negligent for failing to refer the decedent for a medical evaluation after observing that he had a medical issue. Both counts allege that the individual defendant breached his or her duty, which proximately caused the death of the decedent. Neither count alleges specific damages other than the fact that the decedent died.

¶ 11    The state complaint does not mention the two policies named in the federal action and does not list a count or a cause of action against the other defendant named in the federal action, the sheriff of Cook County. However, the state complaint does allege that Dr. Williamson and Oliver were employed by Cook County, which is named in both the prayer for relief and the caption.

¶ 12    Defendant Cook County was served and filed an appearance in the state action. Defendant Dr. Williamson was never served, but Cook County's counsel filed an appearance and jury demand on her behalf. Defendant Oliver was neither served, nor did he file an appearance. Also, Cook County did not file an appearance on Oliver's behalf.

¶ 13                                II. The Federal Action

¶ 14                        A. Original Complaint and Dismissal

¶ 15    Plaintiff had filed an action against Cook County and the sheriff of Cook County in the United States District Court for the Northern District of Illinois on July 28, 2011, alleging that policies at the Cook County jail led to the death of the decedent. Although the federal complaint does not appear in our appellate record, the parties do not dispute what it says. On June 11, 2012, the federal district court dismissed the federal action because it was duplicative of a federal class action lawsuit, *Parish v. Sheriff*, No. 07-CV-4369 (hereinafter, *Parish*), to which plaintiff was a class member. In *Parish*, a former prisoner at Cook County jail sued Cook County and the sheriff of Cook County, alleging a systemic failure to provide detainees with previously prescribed medication. The federal district court found that plaintiff's federal lawsuit involved the same parties, claims, and remedies as the *Parish* class action, and it dismissed plaintiff's federal case without prejudice and allowed him 30 days to amend his complaint.

-4-

¶ 16                              B. Second Amended Complaint

¶ 17      Plaintiff then amended his federal complaint on June 18, 2012, and again on August 27, 2012. In his second amended federal complaint, plaintiff "asserts federal and state law claims" against Cook County and the sheriff of Cook County, and he pleads that jurisdiction is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1367. The second amended complaint alleges that it is a civil action arising under 42 U.S.C. § 1983, not divided into individual counts.[1] Plaintiff claims that the decedent died as a direct and proximate result of two policies enforced at Cook County jail. Plaintiff alleges that the first policy prohibits detainees from receiving medication prior to being evaluated by a jail physician and that this policy led to the decedent's death because he was required to endure three days without needed and required prescription medication. Second, plaintiff alleges that the jail's policy of relying on unqualified persons to assess prisoners who exhibit bizarre behavior was a proximate cause of the death of the decedent because an unlicensed "psych worker" did not ensure that he received medical attention despite his determination that he had medical problems. The federal complaint does not name Dr. Williamson as a defendant or name her anywhere in its allegations and does not allege that the decedent was examined by a jail physician, misdiagnosed, and given the wrong medication. The complaint also does not name Oliver as a defendant or name him in its allegations. Instead, it refers to him namelessly as a "psych worker" employed by defendant Cook County.


¶ 18                                 III. Procedural History

¶ 19      On August 22, 2012, defendant Cook County filed a motion to dismiss the state action pursuant to section 2-619(a)(3) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2008)), claiming that the state case is duplicative of plaintiff's federal action because it involves the same parties, cause, and nucleus of operative facts. Defendant also argues that the discretionary factors set forth by the Illinois Supreme Court weighed in favor of dismissal because: (1) no additional relief could be granted in the state action that could not be granted in the federal action; (2) a multiplicity of efforts threatened to subject the parties to duplicative depositions; and (3) a *res judicata* issue could be raised if the state and federal courts issue contrary decisions on the matter. *Kellerman*, 112 Ill. 2d at 447-48.

¶ 20      Plaintiff responded that he filed a second amended complaint in the federal action five days after defendant moved to dismiss the state action and that the lawsuits now present independent claims: the culpability of Dr. Williamson and Oliver is at issue in the state action as opposed to the federal challenge of policies enforced at Cook County jail. Plaintiff also argues that Dr. Williamson and Oliver were not parties to the federal action and that dismissing the instant case would allow the two-year statute of limitations to run on

---

[1]Since federal courts follow a notice pleading standard, plaintiff is not required set out in detail specific facts upon which his claim is based. *People ex rel. Madigan v. Tang*, 346 Ill. App. 3d 277, 286 (2004) (citing *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605 (7th Cir. 1987)).

plaintiff's claims against them.[2] Additionally, plaintiff argued that the witnesses need only be deposed once and that the lawsuits would not result in inconsistent findings in the state and federal actions since the state lawsuit concerned medical malpractice and negligence by a health worker and the federal action concerned policies administered by the Cook County jail that affected the civil rights of the decedent.

¶ 21 Following arguments on defendant's motion, the circuit court dismissed the state action on October 9, 2012, finding that "[plaintiff's state and federal] cases are the same," and that the discretionary factors "certainly weigh in the favor of dismissal here." Plaintiff now appeals the circuit court's dismissal of his case.

¶ 22 On appeal, both parties acknowledge in their briefs that, on February 19, 2013, the federal district court granted plaintiff leave to add Dr. Williamson and Oliver as defendants in the federal action and stayed the federal proceedings pending the disposition of this appeal. The federal district court did not address defendants' statute of limitations defense and advised them that they may challenge plaintiff's claims on that basis after the stay is lifted. Although the federal district court's order does not appear in the record on appeal, the parties do not dispute what it says.

¶ 23 At oral argument, plaintiff stated that, though defendant Cook County may be liable for the medical malpractice and negligence claims under the doctrine of *respondeat superior*, a judgment against the employer could not provide complete relief because there is "social value" in obtaining a judgment against the medical personnel "who killed someone." Also, when discussing at oral argument the potential outcome of this appeal, defendant stated, "I don't have a problem with a stay," and plaintiff stated that a stay would be "consistent with what we wanted."

¶ 24                                    ANALYSIS

¶ 25 Plaintiff appeals the circuit court's dismissal of his state action, arguing that his federal lawsuit involves different causes of action and that discretionary factors and prejudice weigh in favor of maintaining the claims against the individual defendants in the state circuit court. *Kellerman*, 112 Ill. 2d at 447-48. In response, defendants claim that both of plaintiff's lawsuits involve the same cause of action because both actions rely on the substantially same set of facts and that plaintiff is not allowed to bring two wrongful death actions at once. As a preliminary matter, we need to determine first whether plaintiff's state complaint stated a cause of action before we decide whether the state and federal actions are duplicate causes of action that require the state action to be dismissed.

---

[2]Plaintiff filed his suit exactly two years after the death of the decedent. While plaintiff does not identify which statute of limitations is applicable to his cause of action, we note that wrongful death actions must be brought within two years after the victim's death. 740 ILCS 180/2(c) (West 2008). The statute of limitations on a medical malpractice claim is two years from the time the plaintiff reasonably knew that malpractice occurred with a maximum of four years from the date that the malpractice occurred. 735 ILCS 5/13-212(a) (West 2008).

¶ 26    To state a cause of action in the state court, a complaint must set forth a legally recognized cause of action and plead facts bringing the claim within that cause of action. *Vincent v. Williams*, 279 Ill. App. 3d 1, 15 (1996) (citing *Misselhorn v. Doyle*, 257 Ill. App. 3d 983, 985 (1994)). When determining whether the complaint sufficiently states a cause of action, a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn from those facts, interpret the allegations in the light most favorable to the plaintiff, and determine whether the allegations are sufficient to set forth a cause of action upon which relief may be granted. *Oravek v. Community School District 146*, 264 Ill. App. 3d 895, 898 (1994) (citing *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 8-9 (1992), and *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 505 (1990)).

¶ 27    In the case at bar, plaintiff's complaint alleges two causes of action: (1) count I raises a medical malpractice claim against defendant Dr. Williamson; and (2) count II states a claim of negligence for the actions of defendant Oliver. Both counts allege that the individual defendants breached a duty that proximately caused the death of the decedent. However, "[a]t common law there was no cause of action to recover damages for the wrongful death of a decedent ***, except as provided by the legislature." *Kessinger v. Grefco, Inc.*, 251 Ill. App. 3d 980, 982 (1993) (citing *Wilbon v. D.F. Bast Co.*, 73 Ill. 2d 58, 61 (1978), and *Li Petri v. Turner Construction Co.*, 36 Ill. 2d 597, 600 (1967)). Also, at common law, a decedent's cause of action for negligence abated upon death. *Kessinger*, 251 Ill. App. 3d at 982 (citing *National Bank of Bloomington v. Norfolk & Western Ry. Co.*, 73 Ill. 2d 160, 172 (1978)). See *Bryant v. Kroger Co.*, 212 Ill. App. 3d 335, 336 (1991) ("At common law, the death of either party abated tort actions.").

¶ 28    To recover damages for the harm to the decedent, plaintiff must bring an action under either the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2008)) or the Survival Act (755 ILCS 5/27-6 (West 2008)). The Wrongful Death Act creates a cause of action for the survivors of a decedent to recover damages from the party which negligently or wrongfully caused the decedent's death. 740 ILCS 180/1 (West 2008). The damages are limited to the survivors' "grief, sorrow, and mental suffering" that result from the decedent's death. 740 ILCS 180/2 (West 2008); *Smith v. Mercy Hospital & Medical Center*, 203 Ill. App. 3d 465, 481-82 (1990) (holding that the legislature clearly intended for survivors to be compensated for their loss resulting from the death of the decedent); *Cooper v. Chicago Transit Authority*, 153 Ill. App. 3d 511, 517-18 (1987) (holding that the Wrongful Death Act only allows for recovery of pecuniary losses). The Illinois Appellate Court for the Third District has held that adult children may recover pecuniary damages under the Wrongful Death Act for the loss of a parent's "guidance, love and affection." *In re Estate of Keeling*, 133 Ill. App. 3d 226, 228 (1985). This court has followed that holding and allows adult children to recover pecuniary losses for the death of parents. *Cooper*, 153 Ill. App. 3d at 518.

¶ 29    The Survival Act (755 ILCS 5/27-6 (West 2008)), on the other hand, preserves causes of action on behalf of decedents that would otherwise be rendered moot upon the death of the decedent. In other words, the Wrongful Death Act covers injuries suffered by the next of kin because of and after the decedent's death, whereas the Survival Act allows for the recovery of damages for injury sustained by the deceased up to the time of death. *Wyness v. Armstrong World Industries, Inc.*, 131 Ill. 2d 403, 410 (1989). The Survival Act does not

create a cause of action; rather, it allows a representative of the decedent to continue an existing cause of action after the decedent's death. *Wyness*, 131 Ill. 2d at 410-11 (citing *National Bank of Bloomington v. Norfolk & Western Ry. Co.*, 73 Ill. 2d 160, 172 (1978)). In a typical Survival Act claim, the representatives of the decedent would have a cause of action for medical expenses and pain and suffering of the decedent up to the date of death. *Murphy v. Martin Oil Co.*, 56 Ill. 2d 423, 431 (1974). Litigants may bring wrongful death and survival actions simultaneously setting them up in separate courts. *Wyness*, 131 Ill. 2d at 410.

¶ 30    In the instant case, however, plaintiff's state complaint neither pleads a clear Wrongful Death Act, nor does it make any reference to the lawsuit being one for "wrongful death" of the decedent. Instead, his state complaint seeks only claims of medical malpractice and negligence. While the state complaint does not explicitly plead wrongful death, we will look to whether the allegations are sufficient to set forth a cause of action pursuant to the Wrongful Death Act. *Oravek*, 264 Ill. App. 3d at 898.

¶ 31    In order to maintain a claim under the Wrongful Death Act, plaintiff must allege: (1) defendant owed a duty to the decedent; (2) defendant breached that duty; (3) the breach of duty proximately caused the decedent's death; and (4) that pecuniary damages occurred to persons designated under the Wrongful Death Act. *Bovan v. American Family Life Insurance Co.*, 386 Ill. App. 3d 933, 938 (2008) (citing *Leavitt v. Farwell Tower Ltd. Partnership*, 252 Ill. App. 3d 260, 264 (1993)). Since the first three elements of a wrongful death claim are similar to the elements of a negligence action, both counts in plaintiff's complaint satisfy the requirement of alleging that the individual defendants owed and breached a duty to the decedent, which proximately caused his death. See *Beetle v. Wal-Mart Associates, Inc.*, 326 Ill. App. 3d 528, 540 (2001) (Bowman, J., dissenting) ("A wrongful death action requires proof of the same elements *** as a common law negligence action, a classic action in tort.").

¶ 32    Plaintiff's state complaint does not allege survivors' grief, sorrow, or mental suffering due to the decedent's death, nor does it allege a loss of guidance, love and affection to plaintiff himself. In fact, the state complaint does not mention any damages at all other than the resulting death of the decedent. However, under Illinois law, plaintiff's complaint for wrongful death is sufficient to withstand a motion to dismiss for prejudice. *Gustafson v. Consumers Sales Agency, Inc.*, 414 Ill. 235, 244-45 (1953) (stating "[i]nasmuch as the Wrongful Death Act confers the right of action for the benefit of the surviving 'next of kin' who have suffered pecuniary damages as a result of the death of the decedent, it is evident that good pleading would dictate that each of the next of kin should be named along with an allegation of their relationship to the deceased, and of their pecuniary injuries resulting from his death, so that the defendant may contest the pecuniary damages as any other fact at issue in the case. However, the chief importance of all such specific allegations is in connection with the question of the amount of damages, if any, to be assessed, and the only essential prerequisite to a statement of a cause of action, or basis for imposing liability, is an allegation of the survival of beneficiaries of the class who may recover under the statute.").

¶ 33    Now that we have determined that plaintiff's complaint is sufficient to withstand a motion to dismiss for prejudice, we now analyze whether the state court erred in dismissing the suit as duplicative of the federal action under the law. A section 2-619(a)(3) motion to

dismiss is inherently procedural and urges the trial court to weigh several factors when deciding whether it is appropriate for the action to proceed. *Overnite Transportation Co. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 332 Ill. App. 3d 69, 73 (2002); *Hapag-Lloyd (America), Inc. v. Home Insurance Co.*, 312 Ill. App. 3d 1087, 1090 (2000). Thus, on appeal, a trial court's decision to dismiss pursuant to section 2-619(a)(3) will not be overturned absent an abuse of that discretion. *Continental Casualty Co. v. Radio Materials Corp.*, 366 Ill. App. 3d 345, 347 (2006). An abuse of discretion occurs when " 'the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court.' " *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009) (quoting *People v. Hall*, 195 Ill. 2d 1, 20 (2000)).

¶ 34     When moving to dismiss a duplicative action pursuant to section 2-619(a)(3), the movant has the burden to demonstrate through clear and convincing evidence that the two actions involve: (1) the same parties; and (2) the same cause. *Hapag-Lloyd (America), Inc. v. Home Insurance Co.*, 312 Ill. App. 3d 1087, 1091 (2000); 735 ILCS 5/2-619(a)(3) (West 2008). Lawsuits present the same cause when "the relief requested is based on substantially the same set of facts." *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 853 (2010); *Skolnick v. Martin*, 32 Ill. 2d 55, 57 (1964). The crucial inquiry to determine whether the relief requested is based on substantially the same set of facts is whether both actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought materially differs between the two actions. *Jackson v. Callan Publishing, Inc.*, 356 Ill. App. 3d 326, 337 (2005).

¶ 35     At oral argument before this court, defendant argued that, since federal courts follow the notice pleading standard, all of plaintiff's claims are "already" in the federal action. However, defendant also admitted that he intends to move in federal court to dismiss the claims involving the medical personnel on statute of limitations grounds. At this point in time, we need not determine whether both actions include: (1) the same parties; and (2) the same cause.

¶ 36     Even if the "same cause" and "same parties" requirements are met, section 2-619(a)(3) would not mandate automatic dismissal. *Combined Insurance Co. of America v. Certain Underwriters at Lloyds' London*, 356 Ill. App. 3d 749, 754 (2005). Rather, in exercising its discretion, the trial court is to weigh the prejudice that would result to the nonmovant if the motion is granted against the policy of avoiding duplicative litigation. *Arthur Young & Co. v. Bremer*, 197 Ill. App. 3d 30, 47 (1990) (citing *Kellerman*, 112 Ill. 2d 428). There are four discretionary factors that the trial court should consider: "(1) comity; (2) the prevention of multiplicity, vexation, and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the *res judicata* effect of a foreign judgment in the local forum." *Hapag-Lloyd (America), Inc.*, 312 Ill. App. 3d at 1091 (quoting *Kellerman*, 112 Ill. 2d at 447-48, citing *People ex rel. Department of Public Aid v. Santos*, 92 Ill. 2d 120, 130 (1982)). These four factors are commonly known as the "*Kellerman* factors." *Combined Insurance Co. of America*, 356 Ill. App. 3d at 754. However, courts are not required to apply all four *Kellerman* factors. *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 789 (1998) (courts "should," not "must," consider them); *Kellerman*, 112 Ill. 2d at 447-48 (four "factors that a court should consider"); see, *e.g.*, *Doutt v. Ford Motor Co.*, 276 Ill. App. 3d

785, 788-89 (1995) (not considering any of the *Kellerman* factors); *Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 318-22 (1995) (same). In fact, not all four *Kellerman* factors necessarily apply to every case. *Kapoor*, 298 Ill. App. 3d at 789-90.

¶ 37 Since the trial court granted the section 2-619(a)(3) motion in the state action, plaintiff may suffer prejudice because the two-year statute of limitations may bar him from pursuing medical malpractice and negligence claims against Dr. Williamson and Oliver in the federal action. *Arthur Young & Co.*, 197 Ill. App. 3d at 47; 745 ILCS 10/8-101(b) (West 2008). In the federal case, plaintiff requested leave to amend his complaint to add Dr. Williamson and Oliver as individual defendants, to which defendants objected, arguing that plaintiff could not bring medical malpractice and negligence actions because the statute of limitations had not been tolled. The federal district court declined consideration of defendant's statute of limitations argument and instead granted plaintiff leave to amend and stayed the proceedings pending the outcome of this appeal. During oral arguments on this appeal, defendants stated their intention to pursue a motion in the federal action to dismiss the newly added claims against Dr. Williamson and Oliver. If defendants prevail on a motion to dismiss in the federal case, then plaintiff may be unable to obtain complete relief because his claims against these individual defendants will be barred, which would not satisfy the third *Kellerman* factor concerning plaintiff's ability to obtain complete relief in a foreign jurisdiction. *Kellerman*, 112 Ill. 2d at 447. This factor weighs heavily in favor of reversing the dismissal.

¶ 38 Defendant argues that, even if the statute of limitations bars plaintiff from suing Dr. Williamson and Oliver, plaintiff may still obtain complete relief because both actions are filed against defendant Cook County, the proverbial "deep pocket," and plaintiff's action under the Civil Rights Act would provide sufficient damages. However, as plaintiff pointed out in his oral argument, there is an inherent social value in a plaintiff's ability to bring a cause of action against particular defendants who allegedly committed the wrongful acts. If plaintiff is unable to bring his claims against Dr. Williamson and Oliver in federal court, then plaintiff will be denied an opportunity to hold responsible the individuals who he believes are culpable in his father's death. Regardless of which defendant may ultimately pay damages, plaintiff is entitled to have his day in court.

¶ 39 By considering the *Kellerman* factors and weighing the prejudice to plaintiff, we find that, at this time, dismissal of plaintiff's claims in federal court against the individual defendants tips the scales against dismissing the state suit and we reverse the trial court with directions to stay the proceedings until the federal court decides the question of the statute of limitations. At oral argument before this court, defendant stated, "I don't have a problem with a stay," and plaintiff stated that a stay would be "consistent with what we wanted." After the federal court decides the statute of limitations issue, the trial court will be in a better position to decide whether the state action should be dismissed.

¶ 40 CONCLUSION

¶ 41 For the above reasons, the judgment of the circuit court of Cook County dismissing plaintiff's complaint pursuant to section 2-619(a)(3) of the Code is reversed with directions

to stay the proceedings until the federal court decides the question of the statute of limitations.

¶ 42       Reversed and remanded with directions.