2021 IL App (1st) 200400-U
No. 1-20-0400

SECOND DIVISION
June 29, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| MAHDEE MUHAMMAD, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19 M6 4314 |
| | ) | |
| CHICAGO VOLUNTEER LEGAL SERVICE, | ) | |
| DAVID GOTZH, and REBEKAH A. | ) | The Honorable |
| RASHIDFAROKHI, | ) | Carrie E. Hamilton, |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held:* The trial court did not err in making its dismissal of the plaintiff's complaint with prejudice and not granting the plaintiff the opportunity to amend the complaint where the plaintiff failed to present any factual allegations on which the trial court could assess whether amendment would cure the defects in the plaintiff's complaint.

¶ 2    Plaintiff, Mahdee Muhammad, appeals from the trial court's dismissal with prejudice of his complaint under section 2-615 of the Code of Civil Procedure ("Code") (725 ILCS 5/2-615 (West 2018)). On appeal, plaintiff argues that the trial court erred in making its dismissal with

prejudice, rather than granting plaintiff leave to file an amended complaint. For the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4        Because our decision in this matter is relatively straightforward and not heavily fact dependent, recitation of only the most basic facts is necessary.

¶ 5        Between 2006 and 2018, plaintiff was involved in guardianship proceedings related to a minor child, Z.W., over whom plaintiff and his wife served as guardians. These proceedings were contentious as between plaintiff, his wife, and Z.W.'s birth mother. In 2017, the trial court appointed defendant Chicago Volunteer Legal Service ("CVLS") as guardian *ad litem* in the guardianship proceedings. CVLS is a *pro bono* legal services provider in Chicago, and defendant Rebekah A. Rashidfaroki was the Director of CVLS's Guardian *ad litem* for Minors Program and oversaw the volunteer attorneys who assisted CVLS. Defendant David Gotzh is a private attorney who volunteers with CVLS and volunteered to serve as guardian *ad litem* in the guardianship proceeding involving Z.W. Ultimately, in 2018, plaintiff's and his wife's guardianship of Z.W. was terminated, custody of Z.W. was awarded to his birth mother, and the estate was closed. When plaintiff and his wife failed to turn over Z.W. by the required date, the probate court found plaintiff to be in direct civil contempt and remanded him to the custody of the Cook County Sheriff's Office.

¶ 6        Following the proceedings in the probate matter, plaintiff filed a direct appeal and two federal complaints based on facts arising out of the guardianship proceeding. Neither the direct appeal nor either of the federal complaints yielded any relief for plaintiff.

¶ 7        In addition to the direct appeal and federal complaints, in April 2019, plaintiff filed the *pro se* complaint in the present case. Stated summarily, plaintiff alleged, under 42 U.S.C. §

1983, that defendants violated his Fourth and Fourteenth Amendment rights. According to plaintiff, while serving as guardian *ad litem* in the guardianship proceedings, Gotzh made racist comments to plaintiff. After plaintiff filed a complaint against Gotzh with the Attorney Registration and Disciplinary Committee based on those racist comments, Gotzh used his power and influence as guardian *ad litem* to influence the guardianship proceedings to the detriment of plaintiff, including having plaintiff arrested. Plaintiff further alleged that Rashidfaroki was aware of Gotzh's conduct but did nothing to stop it.

¶ 8 Defendants moved to dismiss plaintiff's complaint under section 2-615 of the Code on the grounds that plaintiff could not allege any set of facts that would support his claim under §1983, namely that defendants were state actors or acting under the color of law. Defendants also argued that guardian *ad litems* were afforded quasi-immunity. In response, plaintiff did not make any attempt to refute defendants' argument that they were not state actors or acting under the color of law. Instead, plaintiff argued that his claims were based on Gotzh's alleged racism and that racists are not entitled to immunity. He requested the opportunity to amend his complaint, but he made no attempt to articulate what additional facts he could allege or how amendment would cure the defects alleged by defendants.

¶ 9 The trial court granted defendants' motion to dismiss plaintiff's complaint, finding that plaintiff's claims were brought against defendants as private citizens based on private conduct, not state actors acting under the color of state law. In addition, the trial court concluded that guardian *ad litems* are entitled to quasi-immunity when advising the court. As a result, the trial court dismissed plaintiff's complaint with prejudice.

¶ 10 Plaintiff filed a motion to reconsider in which he contended that the trial court should have afforded him the opportunity to amend his complaint. Rather than explaining how

amendment would have cured the defects in his complaint, however, plaintiff essentially reargued all of the points raised in his complaint and his response to defendants' motion to dismiss. After the motion to reconsider was briefed by the parties, the trial court entered an order denying it, concluding that it had reached the proper decision on the motion to dismiss.

¶ 11 Plaintiff then instituted this timely appeal.

¶ 12 ANALYSIS

¶ 13 On appeal, plaintiff does not contend that the trial court erred in dismissing his complaint. Instead, plaintiff argues only that the trial court erred in making its dismissal with prejudice and not granting plaintiff leave to file an amended complaint. We conclude that the trial court did not abuse its discretion in making its dismissal with prejudice, because plaintiff failed to present any factual allegations or argument that allowed the trial court to assess whether amendment could cure the defects in plaintiff's complaint.

¶ 14 Section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2018)) provides that amendments to pleadings may be allowed on "just and reasonable terms" at any time before final judgment. Despite this liberal standard, the right to amend is neither absolute nor unlimited. *I.C.S. Illinois, Inc. v. Waste Management of Illinois, Inc.*, 403 Ill. App. 3d 211, 219 (2010). In determining whether leave to amend should be granted, four factors are to be considered: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). A plaintiff seeking to amend its complaint must meet all four of these factors. *I.C.S. Illinois*, 403 Ill. App. 3d at 220.

¶ 15  Whether to grant leave to amend is within the discretion of the trial court, and we will not disturb the trial court's decision absent an abuse of that discretion. *Id.* at 219. "[B]efore a trial judge can be found to have abused his or her discretion in denying leave to amend, it must be clear from the record that reasons or facts were presented as a basis for requesting the favorable exercise of the court's discretion." *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 7 (2004). "There is no presumption that a proposed amendment will be a proper one and it is not error to refuse to allow an amendment that has not been presented when there are no means of determining whether or not it will be proper and sufficient." *Intini v. Schwartz*, 78 Ill. App. 3d 575, 579 (1979); see also *In re Estate of Nicholson*, 268 Ill. App. 3d 689, 695 (1994).

¶ 16  To that end, if a plaintiff does not submit a proposed amended complaint or otherwise provide specific facts supporting his or her claimed amendment, there is no way to determine whether justice would be served by allowing amendment, and the trial court cannot be said to have erred by denying leave to amend. See *Nicholson*, 268 Ill. App. 3d at 695 (the trial court did not err in denying the plaintiff's oral motion to amend where the plaintiff "presented only further general allegations that did not serve to cure the factual insufficiencies which resulted in dismissal"); *Misselhorn v. Doyle*, 257 Ill. App. 3d 983, 987 (1994) (the appellate court could not determine whether the trial court abused its discretion in denying leave to amend where the plaintiff failed to include a proposed amended complaint in the record); *Intini*, 78 Ill. App. 3d at 579-80 (where the plaintiff failed to submit a proposed amended complaint and did not otherwise indicate how he intended to cure the defects, the record was not sufficient for the appellate court to determine whether amendment would have been appropriate); *Hassiepen v. Marcin*, 22 Ill. App. 3d 433, 436 (1974) ("[A] party desiring to file an amended pleading should make it part of the record on appeal. If this is not done, a court of review is not in a position to say that justice

would be served by granting leave to amend. In such instances it can be presumed that a plaintiff's second attempt to state a cause of action would be no more successful than his first.").

¶ 17    In the present case, plaintiff has offered no basis, either in the trial court or on appeal, on which to conclude that amendment of his complaint could cure its defects. In his written response to defendants' motion to dismiss and in his motion to reconsider, plaintiff merely quoted the legal principles governing the trial court's decision whether to permit the amendment of pleadings and made conclusory assertions that the trial court should have afforded him the opportunity to amend his complaint. He did not, however, submit a proposed amended complaint or otherwise identify in what manner he would amend his complaint, *i.e.*, what specific facts he would allege. He also did not make any argument regarding how his proposed amendments would remedy the alleged defects in his complaint. To the extent that plaintiff might have offered this information orally at the hearings on defendants' motion to dismiss and his motion to reconsider, we have no way of considering it, as plaintiff has failed to include any reports of proceedings or bystander's reports in the record on appeal. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant."). Because plaintiff failed to present the trial court with sufficient information on which it could assess whether the defects in plaintiff's complaint could be cured by amendment (*i.e.*, whether amendment would be futile), we cannot say that the trial court abused its discretion making its dismissal of plaintiff's complaint with prejudice.

¶ 18                                    CONCLUSION

¶ 19  For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

¶ 20  Affirmed.